STATE OF NORTH CAROLINA v. CLAUDE OVERBY

No. 6910SC56

(Filed 2 April 1969)

**1. Criminal Law § 40— evidence of guilty plea in inferior court**

In a prosecution in the superior court for assault with a deadly weapon upon defendant's appeal from a conviction of that offense in city court, persistent efforts by the solicitor to have the jury consider whether defendant had pleaded guilty or not guilty to the offense in city court was improper and highly prejudicial to defendant, the question of what defendant's plea was in city court not being for determination by the jury.

**2. Criminal Law § 40— evidence of guilty plea in inferior court**

Evidence as to a plea of guilty entered by a defendant in an inferior court is not competent against him in his trial *de novo* upon appeal to the superior court, defendant's trial in superior court being "without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon." G.S. 15-177.1.

**3. Criminal Law § 18— appeal to superior court from inferior court**

When a defendant in a criminal action appeals to the superior court from an inferior court, he is entitled to a trial anew and *de novo* by a jury from the beginning to the end in the superior court on both the law and the facts, without regard to the plea, trial, verdict or judgment in the inferior court.

**4. Criminal Law § 40— evidence of guilty plea in inferior court**

In a prosecution in the superior court upon defendants' appeal from city court, testimony by a State's witness that defendant pled guilty in city court is particularly damaging to defendant where the record does not show that defendant pled guilty but shows that he was "adjudged" guilty in city court.

APPEAL by defendant from *Bickett, J.,* First September 1968 Regular Criminal Session of Superior Court of WAKE County.

Defendant was tried in the City Court of Raleigh on a warrant charging him with assault with a deadly weapon. The record reveals that the verdict and judgment in the City Court of Raleigh were as follows:

"After hearing the evidence in the above-entitled action, it is adjudged that the defendant ... .......... ......... guilty.

It is further ordered and adjudged that the defendant 12 months — N. C. State Department of Correction

Sentence to begin at expiration of sentence now serving for assault with intent to commit rape, he having been convicted in Durham County Superior Court on 4/20/66, and escape, he

having been convicted in Person County Superior Court May 18, 1967."

The defendant appealed to the Superior Court from the judgment imposed in the City Court of Raleigh.

Upon his plea of not guilty in the Superior Court, trial was by jury. From the imposition of a prison sentence upon the jury verdict of guilty of assault with a deadly weapon as charged in the warrant, the defendant appealed to the Court of Appeals.

*Attorney General Robert Morgan and Deputy Attorney General Harry W. McGalliard for the State.*

*Ralph McDonald for the defendant appellant.*

MALLARD, C.J.

The evidence for the State tends to show the following facts: On 7 June 1968 the defendant and Joseph James (Joseph) were both serving sentences in the State Prison at Raleigh. On this date during "feeding time" while the door of the cell occupied by Joseph was open, the defendant walked or ran into the cell and stabbed Joseph twice in the back with a weapon made out of a spoon that had been filed down. One end of the spoon was wrapped with adhesive tape. One of the prison guards who had seen the defendant go into the cell followed him and saw him make a striking motion twice on Joseph's back. It required eight stitches to close Joseph's wounds. The defendant advanced on the guard with the weapon at which time the guard struck him with a blackjack and knocked the weapon from his hand.

The defendant's evidence tends to show: On the night preceding 7 June 1968 the defendant and Joseph had had an argument; that Joseph had talked about the defendant's mother and had threatened to cut his throat. At the time of the altercation there was only one blow struck; the defendant hit Joseph with his fist and when he started back to his cell, the guard struck him. Defendant testified he had never seen the weapon introduced in evidence until he saw it in "Recorder's Court."

[1]  Although the defendant was "adjudged" to be guilty in the City Court of Raleigh, the court permitted the assistant solicitor to ask the State's witness Norwood what plea the defendant entered in the city court when the case was tried there. The witness replied guilty; however, the defendant's counsel did not object until after the witness had answered, and the court did not rule on the objec-

tion. The assistant solicitor persisted in his questioning by then asking the witness the question, "Guilty as charged?" Defendant objected and the court overruled the objection. When defendant's counsel was cross-examining this witness about what he had testified to with respect to the plea of the defendant in the city court, the court on its own motion stopped him and sustained an objection which was not made by the State "as to whether he entered a plea of guilty in city court to this charge," and then instructed the jury not to consider whether he had entered a plea of guilty in the city court. After this occurred, the assistant solicitor again attempted to bring the matter of the plea in city court to the attention of the jury by asking the defendant how he had pleaded in the city court. Defendant's counsel objected, and the court did not rule on the objection. The defendant answered that he had pleaded not guilty. After defendant's counsel called the court's attention to the fact that the court had theretofore instructed the jury not to consider the plea in the city court, the court instructed the jury as follows:

"Ladies and gentlemen, anything asked by the solicitor in connection with any statement heretofore made is in corroboration of Mr. Norwood and for no other purpose. It is not substantive evidence. Substantive evidence being that type of evidence that bears directly or circumstantially upon the issue involved. Corroborative evidence bearing merely upon the credibility of the witness. You understand that, don't you?"

Although defendant's counsel did not object or take exception to the foregoing instructions of the court, he did object to the assistant solicitor bringing up the question of what the plea was in the city court.

. After all the above had occurred, the assistant solicitor again asked the defendant what plea he had entered, and again the defendant answered not guilty before his counsel objected. Defendant's counsel at the trial in superior court was not his counsel on this appeal.

[1]    The assistant solicitor, notwithstanding the different rulings of the trial judge, persisted in his efforts to have the jury consider whether the defendant had pleaded guilty or not guilty in the city court. This persistence, under these circumstances, was improper and highly prejudicial to the defendant. The question of what the plea of the defendant was in the city court was not for determination by the jury.

G.S. 15-177.1 reads as follows:

"In all cases of appeal to the superior court in a criminal action

STATE *v.* OVERBY

from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and de novo by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon."

**[2]**     The words "without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon" mean, among other things, that evidence as to a plea of guilty entered by a defendant in the inferior court is not competent against him on his trial *de novo* on his appeal in the superior court. To hold otherwise in a criminal case on appeal would, we think, render meaningless the words "without prejudice" and "irrespective of the plea entered."

**[3]**     When a defendant in a criminal action appeals to the superior court from an inferior court, he is entitled to a trial anew and *de novo* by a jury from the beginning to the end in the superior court on both the law and the facts, without regard to the plea, the trial, the verdict, or the judgment in the inferior court. *State v. Meadows,* 234 N.C. 657, 68 S.E. 2d 406.

**[4]**     In this case the testimony as to a plea of guilty in the city court was particularly damaging to the defendant because the record does not reveal that he pleaded guilty; the record reveals that he was "adjudged" guilty. The word "adjudge" means "to decide or rule upon as a judge or with judicial or quasi-judicial powers." Webster's Third New International Dictionary (1968).

It is not necessary to discuss the other questions argued by the defendant in his brief as they may not recur on a new trial.

For the reasons above stated, the defendant is awarded a

New trial.

BRITT and PARKER, JJ., concur.