STATE OF NORTH CAROLINA v. LEROY STILLEY

No. 6921SC119

(Filed 28 May 1969)

**Constitutional Law § 34;   Criminal Law § 26—   former jeopardy — trial continued in municipal court — appeal to superior court**

In this prosecution in the superior court upon defendant's appeal from a conviction in the municipal court for the crime of driving on a public highway while under the influence of intoxicants, the superior court properly denied defendant's motion to dismiss the charge on the ground of double jeopardy in that after defendant's trial had begun in the municipal court it was continued at the solicitor's request until the next day, which defendant contends was a new session of court, when it was resumed and completed, since upon defendant's appeal to the superior court the trial is *de novo* without regard to the plea, trial, verdict or judgment of the municipal court. G.S. 15-177.1.

APPEAL by defendant from *Beal, S.J.,* at the 18 November 1968 Schedule C Special Criminal Session of FORSYTH Superior Court.

A warrant, proper in form, issued from the Municipal Court of the City of Winston-Salem, charged that defendant did on or about 28 October 1967 within the corporate limits of the City of Winston-Salem unlawfully and wilfully operate a motor vehicle upon a public highway while under the influence of intoxicating liquor. Defendant was found guilty in said court and from judgment imposed appealed to the Superior Court of Forsyth County.

When the case was called for trial in superior court and before

pleading to the charge, defendant's counsel informed the court "that he had a motion to make prior to the entering of the plea for the purpose of preserving a motion made in the trial of this case in the Municipal Court of the City of Winston-Salem, Traffic Division." Defense counsel proceeded to move that the action be dismissed on the ground of double jeopardy; the court denied the motion. Defendant then pleaded not guilty to the charge and the case proceeded to trial. After a jury was empaneled, defendant again made a motion to dismiss the action on the ground of double jeopardy and introduced evidence in support of the motion. The court denied the motion, the trial proceeded, and the jury found the defendant guilty as charged. From judgment imposed, defendant appealed.

*Attorney General Robert Morgan, Assistant Attorney General William W. Melvin and Staff Attorney T. Buie Costen for the State.*

*Wilson & Morrow by John L. Morrow for defendant appellant.*

BRITT, J.

The sole question presented by this appeal is whether the superior court erred in refusing to allow defendant's motion for dismissal on the ground of double jeopardy.

The record discloses that the case was called for trial in the Municipal Court of the City of Winston-Salem on 19 December 1967. After defendant pleaded not guilty, witnesses for the State were called and sworn and a police officer of the City of Winston-Salem proceeded to take the witness stand and testify. During the officer's direct examination by the solicitor, he testified that a breathalyzer test was administered to the defendant and started to relate the results of said test. At that point, counsel for defendant objected and the judge sustained the objection. Thereupon, the solicitor requested that the case be continued until the next day, which request was granted over objection of defense counsel. When the case was called for trial on the following day and witnesses for the State were again called and placed under oath, defense counsel made a motion to dismiss the charges on the ground of former jeopardy. On a hearing of the motion, defense counsel was allowed to examine witnesses for the State who testified to the effect that they were prepared and available to testify on the preceding day. The municipal court judge overruled defendant's motion and proceeded to hear and dispose of the case as above stated.

At the hearings on the motions in municipal court and superior court, defendant introduced in evidence a provision of the Code of

the City of Winston-Salem which states: "The regular (chief) judge or one of the assistant (associate) judges of the municipal court shall preside over the sessions of the municipal court. Sessions of the court shall be held daily, Saturdays, Sundays and legal holidays excepted; provided, however, that the regular (chief) judge of the court may, in his discretion, order the holding of sessions on Saturdays."

Defendant contends that each day in the Municipal Court of Winston-Salem constituted a "session" of the court and that he was subjected to double jeopardy when the court began his trial on one day and then proceeded to continue his case until the next day when trial was resumed and completed. Inasmuch as defendant *appealed* to the superior court, we deem it unnecessary to pass upon the type or character of "session" employed by the court in which defendant was tried initially.

The Municipal Court of the City of Winston-Salem was established by the 1927 Session of the General Assembly; see Article XV of chapter 232 of the 1927 private laws. No provision was made for jury trials in criminal cases in the court and section 88 provides that "any person convicted in said court shall have the right of appeal to the Superior Court of Forsyth County, and upon such appeal the trial in Superior Court shall be *de novo*." Said court was superseded by the implementation of the District Court in Forsyth County on the first Monday in December 1968 pursuant to G.S. 7A-131.

In *State v. Goff,* 205 N.C. 545, 172 S.E. 407, it is said: "When the effect of an appeal is to transfer the entire record to the appellate court, and to cause the action to be retried in that court as if originally brought therein, as is the case when appeals are taken from a justice's court upon questions of law and fact, the judgment appealed from is completely annulled, and is not thereafter available for any purpose. (Citations.)"

G.S. 15-177.1, enacted by the 1947 General Assembly, provides: "In all cases of appeal to the superior court in a criminal action from a justice of the peace or other inferior court, the defendant shall be entitled to a trial anew and de novo by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon." In *State v. Meadows,* 234 N.C. 657, 68 S.E. 2d 406, in an opinion by Ervin, J., the court declared that by virtue of this statute "* * * whenever the accused in a criminal action appeals to the Superior Court from an inferior court, the action is to be tried anew from the beginning to the end in the Superior Court on both the law and the facts,

without regard to the plea, the *trial,* the verdict, or the judgment in the inferior court." (Emphasis added.) See also *Spriggs v. N. C.,* 243 F. Supp. 57 (M.D.N.C. 1965), and *Doss v. N. C.,* 252 F. Supp. 298 (M.D.N.C. 1966), where quoted principle was followed.

We hold that defendant was not subjected to double jeopardy in violation of the Federal and State Constitutions and that the superior court did not err in overruling the motion for dismissal of the case.

No error.

MALLARD, C.J., and PARKER, J., concur.