STATE OF NORTH CAROLINA v. SHERRILL ALLEN COATS

No. 7211SC807

(Filed 21 February 1973)

1. Criminal Law § 149— final judgment allowing former jeopardy plea — declaration of unconstitutionality of statute — right of State to appeal

Though the State may not appeal from a final judgment allowing a plea of former jeopardy or acquittal, it may appeal when judgment

State v. Coats

has been given for a defendant upon declaring a statute unconstitutional; therefore, the State's appeal was proper where judgment was given for defendant in this case only after declaration of the unconstitutionality of G.S. 15-177.1 providing for trial *de novo* in superior court without prejudice from former proceedings of the court below. G.S. 15-179(6).

2. **Criminal Law § 18— appeal to superior court — consideration of matters in trial appealed from and in prior trial**

The primary purpose of G.S. 15-177.1 is to allow a completely new trial in superior court without the burden of the plea, judgment, or proceedings in the inferior court in the trial from which defendant appealed, but the statute does not remove from consideration in the trial *de novo* the plea, judgment, and proceedings of a trial in district court which occurred prior to the trial appealed from.

3. **Criminal Law § 26— trial in district court — attachment of double jeopardy**

It is possible for a person to be twice placed in jeopardy within the district court system and, if he is, his constitutional right against such action by the State may properly be asserted by a plea of former jeopardy in bar of a second trial in district court for the same offense.

4. **Criminal Law §§ 18, 26— attachment of double jeopardy in district court — plea upon appeal to superior court**

Where defendant who was charged with drunken driving was brought to trial in district court but, upon motion of the State in mid-trial, the case was continued until two weeks later to give the State time to subpoena the breathalyzer operator who had administered the test to defendant, the second trial in district court placed defendant in jeopardy for the second time for the same offense, and defendant could assert his plea of former jeopardy upon his trial *de novo* in superior court.

5. **Criminal Law §§ 18, 26— trial de novo in superior court — plea of former jeopardy in district court**

G.S. 15-177.1 constituted no impediment upon defendant's right to assert his plea of former jeopardy upon his trial *de novo* in superior court, and the superior court judge erred in declaring the statute unconstitutional upon an erroneous determination that the statute did bar such plea.

APPEAL by State from *Braswell, Judge,* 21 August 1972 Criminal Session of Superior Court held in HARNETT County.

On 16 November 1971, defendant was brought to trial in the District Court of Harnett County on a charge of operating a motor vehicle upon the public highways while under the influence of intoxicating liquor. He entered a plea of not guilty. The State called the arresting officer as a witness and while examining this witness, the solicitor asked if he knew the result

of a breathalyzer test administered to defendant. Defendant's objection to the question was sustained. The solicitor then moved that the case be continued in order to subpoena the breathalyzer operator. Over defendant's objection, the case was continued until 30 November 1971. On that date the case was again called for trial. Before pleading to the charge, defendant entered a plea of former jeopardy on the grounds that he had been placed in jeopardy on the same charge at the trial on 16 November 1971. The plea was denied and defendant then entered a plea of not guilty to the charge. He was convicted and appealed to the Superior Court.

On 10 January 1972, defendant filed a written plea of former jeopardy in Superior Court, setting forth the facts outlined above. On 22 August 1972, the written plea was amended to allege the unconstitutionality of G.S. 15-177.1 on grounds that it "deprives this defendant of his constitutional rights not to be twice put in jeopardy . . . and does effectively deny this defendant of a right to avail himself of a plea of Former Jeopardy in any Court inferior to the Superior Court. . . ."

On 25 August 1972, an order was entered by Judge Braswell in which he found facts and concluded that when defendant was placed on trial a second time on 30 November 1971, he was placed in jeopardy a second time for the same offense; that this was a violation of his constitutional rights, and that defendant is entitled to his discharge. The order also held that G.S. 15-177.1, which provides for a trial *de novo* in the Superior Court on an appeal from a conviction in District Court, is "unconstitutional under the facts of this case in that said statute deprives the defendant of the defense of former jeopardy by trying to provide a trial *de novo;* that a statute cannot take away a constitutional right. . . ." The State appealed to this court.

*Attorney General Morgan, by Associate Attorney Kramer, for the State.*

*Stewart and Hayes, by D. K. Stewart, for defendant appellee.*

BROCK, Judge.

[1] The State may not appeal from a final judgment allowing a plea of former jeopardy or acquittal. *State v. Reid,* 263 N.C. 825, 140 S.E. 2d 547. However, because of the apparent intre-

pidity with which the assistant solicitor sought, and the District Court judge allowed, the complete termination of defendant's trial on 16 November 1972 and the retrial of defendant on 30 November 1972, we feel that it should be stated that we agree with Judge Braswell's conclusion that jeopardy attached on 16 November 1972, and that under the facts of this case defendant was twice put in jeopardy for the same offense when he was again called to answer to the same charge on 30 November 1972. This complete termination of the trial and retrial over defendant's objection is a far cry from a brief recess in the trial, or from a mistrial ordered upon appropriate grounds.

The State does have a right to appeal when judgment has been given for a defendant upon declaring a statute unconstitutional. G.S. 15-179 (6). Under the procedure and theory followed in the Superior Court, the judgment was given for defendant only after G.S. 15-177.1 was declared "unconstitutional as it relates to the facts of this particular case." It is upon this right that the State bases its appeal.

Defense counsel, the State, and the Superior Court judge all seem to have agreed that G.S. 15-177.1 prevented defendant from asserting in Superior Court, on appeal, a plea of former jeopardy for having been twice put in jeopardy in District Court. For the reasons hereinafter stated, we are of the opinion that G.S. 15-177.1 presents no impediment to the consideration by the Superior Court upon appeal for a trial *de novo* of defendant's plea in bar for having been twice put in jeopardy in the District Court.

As we understand the theory which prevailed in the Superior Court in this case, the following could occur:

A defendant could be tried, convicted and sentenced in District Court. Over his plea of former jeopardy, he again could be tried, convicted and sentenced in District Court upon the same charge. If he then appealed to the Superior Court from this second conviction, the trial *de novo* provision of the statute (G.S. 15-177.1) would prevent the Superior Court from considering his plea of former jeopardy.

This, of course, the statute does not do. It provides as follows:

"In all cases of appeal to the superior court in a criminal action from a justice of the peace or other inferior

court, the defendant shall be entitled to a trial anew and de novo by a jury, without prejudice from the former proceedings of the court below, irrespective of the plea entered or the judgment pronounced thereon."

[2] The primary purpose of the quoted statute is to allow a completely new trial in Superior Court without the burden of the plea, judgment, or proceedings in the inferior court *in the trial from which defendant appealed.* It does not remove from consideration in the trial *de novo* the plea, judgment, and proceedings of a trial in District Court which occurred *prior to* the trial appealed from. Where a defendant conceives that he has once been placed in jeopardy and is brought to trial in District Court again upon the same charge, his plea of former jeopardy is cognizable in the District Court. If defendant's plea is overruled and he is convicted in the District Court in what he conceives to be a trial for an offense for which he has formerly been placed in jeopardy, upon appeal to the Superior Court for a trial *de novo,* he may properly reassert his plea of former jeopardy. We are not dealing with a situation in which a defendant is pleading former jeopardy for having been placed in jeopardy in District Court for the first time *in the trial from which he has appealed.* The inquiry is whether he has been placed in jeopardy for the same offense *prior to the time of the trial* from which he has appealed. It is clear that the trial *de novo* in Superior Court does not itself constitute double jeopardy. This is not the question raised by the defendant's plea in this case.

From the recitations in the judgment of the Superior Court, it seems clear that the trial judge relied upon the principles enunciated in *State v. Spencer,* 276 N.C. 535, 173 S.E. 2d 765, and in *State v. Sparrow,* 276 N.C. 499, 173 S.E. 2d 897. The principles stated therein are clearly the law in this state; however, they have no application to the factual situation presented by the present appeal. We are advertent to the implications of *State v. Stilley,* 4 N.C. App. 638, 167 S.E. 2d 529, and we disagree with its reasoning.

In *Spencer* the defendants were convicted in District Court and were sentenced to sixty days in jail. These sentences were suspended and defendants were placed on probation on certain conditions. Each defendant appealed to the Superior Court where, upon trial *de novo* by jury, they were again convicted. In Superior Court one defendant was given an active sentence of nine months and the other five were given active sentences of

six months. On appeal defendants argued that these greater sentences in Superior Court deprived them of their constitutional right to trial by jury because the exercise of their right to appeal from District Court to Superior Court for trial *de novo* by jury was unduly restricted by the threat of a greater sentence upon conviction in Superior Court.

In laying this argument to rest the Supreme Court in *Spencer* stated:

> "It is established law in North Carolina that trial *de novo* in the superior court is a new trial from beginning to end, on both law and facts disregarding completely the plea, trial, verdict and judgment below; and the superior court judgment entered upon conviction there is wholly independent of any judgment which was entered in the inferior court. 'The fact that a right of appeal was given where the defendant was convicted in the lower court without the intervention of a jury has generally been regarded as a sufficient reason, in support of the validity of such trials without a jury in the inferior tribunal, as by appealing the defendant secures his right to a jury trial, in the Superior Court, and therefore cannot justly complain that he has been deprived of his constitutional right.' *State v. Pulliam,* 184 N.C. 681, 114 S.E. 394. Accord: *State v. Norman,* 237 N.C. 205, 74 S.E. 2d 602."

*   *   *

> "Here, defendants were entitled to a trial *de novo* in the superior court even though their trials in the inferior court were free from error. G.S. 7A-288 (now G.S. 7A-290) and G.S. 15-177.1. This is an unfettered statutory right. It therefore appears that when these defendants appealed to the superior court the slate was wiped clean and the cases stood for trial in the superior court as if there had been no previous trial in the district court. Hence, in the sound discretion of the superior court judge, his sentence may be lighter or heavier than that imposed in the district court. *State v. Morris,* 275 N.C. 50, 61, 165 S.E. 2d 245, 252."

In *Sparrow* the defendants were convicted and sentenced in the District Court. They appealed to Superior Court where they were tried *de novo* by a jury and again convicted. The sentences imposed in Superior Court were greater than those imposed in District Court. Defendants argued that the greater sentences in

Superior Court deprived them of the Sixth Amendment right to trial by jury because the exercise of their right of appeal to the Superior Court, where they could be tried by jury, was unduly restricted because of the risk of a greater sentence upon conviction in the Superior Court.

In laying this argument to rest the Supreme Court in *Sparrow* stated:

"Here, an appeal entitled these defendants to a trial *de novo* in the Superior Court as a matter of right. This is true even when an accused pleads guilty in the inferior court. *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384; *State v. Meadows,* 234 N.C. 657, 68 S.E. 2d 406. When an appeal of right is taken to the Superior Court, in contemplation of law it is as if the case had been brought there originally and there had been no previous trial. The judgment appealed from is completely annulled and is not thereafter available for any purpose."

In *Sparrow* the court also quoted with approval from *State v. Morris,* 275 N.C. 50, 61, 165 S.E. 2d 245, 252 as follows:

"The fact that defendant received a greater sentence in the superior court than he received in the Recorder's Court of Thomasville is no violation of his constitutional or statutory rights. Upon appeal from an inferior court for a trial *de novo* in the superior court, the superior court may impose punishment in excess of that imposed in the inferior court provided the punishment imposed does not exceed the statutory maximum."

The opinions in *Spencer* and *Sparrow* hold that when a defendant appeals from District Court, where he is not entitled to a trial by jury, to the Superior Court, where he is entitled to a trial *de novo* by a jury, the judgment and the proceedings in the trial from which he appealed are overruled as if the trial had never taken place. These opinions are clearly referring to the judgment and proceedings in the District Court *in the trial from which defendants appealed.* These opinions clearly do not hold that the judgment and proceedings in District Court in trials *taking place prior to* the one appealed from are annulled.

In a like manner the opinions in *Colten v. Kentucky,* 407 U.S. 104, 32 L.Ed. 2d 584, 92 S.Ct. 1953; *State v. Broome,* 269 N.C. 661, 153 S.E. 2d 384; and *State v. Meadows,* 234 N.C. 657,

68 S.E. 2d 406; *State v. Overby,* 4 N.C. App. 280, 166 S.E. 2d 461; and *Doss v. North Carolina,* 252 F. Supp. 298 (M.D. N.C. 1966) refer to the annulment of the judgment and proceedings *in the trial from which defendant appealed* to the Superior Court. Nothing in these opinions relates to annulment of proceedings in a trial in the District Court *which took place prior to* the trial appealed from. Insofar as *Colten, Spencer, Sparrow, Broome, Meadows, Overby,* or *Doss* might support a general statement that a defendant may not ordinarily complain on appeal in Superior Court of constitutional deprivations suffered in the District Court, such a general statement does not conflict with our holding in this case. Such a general statement refers to the *de novo* nature of the trial in Superior Court where, if the constitutional guarantees are observed, a constitutional defect in the District Court trial is cured; e.g., where counsel is not appointed for an indigent in District Court, but, upon appeal for trial *de novo,* counsel is provided in the Superior Court (as was the situation in *Doss*).

A plea of former jeopardy is a plea in bar to the prosecution. It poses an inquiry as to what action the court has taken on a former occasion. This inquiry is determined by the trier of facts unless it can be determined as a matter of law on the record. *State v. Davis,* 223 N.C. 54, 25 S.E. 2d 164. The plea of former jeopardy is not an automatic bar to further prosecution. The burden is on defendant to plead and to offer evidence to sustain his plea of former jeopardy. If he fails to plead this defense it is waived. *State v. Cutshall,* 278 N.C. 334, 180 S.E. 2d 745. "The constitutional right not to be placed in jeopardy twice for the same offense, like other constitutional rights, may be waived by the defendant and such waiver is usually implied from his action or inaction when brought to trial at the subsequent proceeding. (citations omitted)." *State v. Hopkins,* 279 N.C. 473, 183 S.E. 2d 657. When double jeopardy is raised as a defense, it is abandoned if defendant pleads guilty after an adverse ruling on his plea of double jeopardy. *State v. Hopkins, supra.*

[3, 4] The general rule is that jeopardy attaches when a defendant in a criminal prosecution is placed on trial (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been impaneled and sworn to make true deliverance in the case. 2 Strong, N. C. Index 2d, Criminal

Law, § 26, p. 516. In our view, a valid warrant charging an offense within the jurisdiction of the District Court is sufficient to satisfy requirement (1) when the trial is in District Court. In our view, when the State calls upon a defendant to plead to a charge in District Court, requirement (3) is satisfied. And, in our view, when a duly elected, qualified, and assigned District Court judge is present to sit as the trier of the facts, requirement (5) is satisfied. Requirements (2) and (4) are by their terms applicable to either the Superior Court or the District Court. Therefore, in our view, it is possible for a person to be twice placed in jeopardy within the District Court system and, if he is, his constitutional right against such action by the State may properly be asserted by a plea of former jeopardy in bar of a second trial in District Court for the same offense. If his plea of former jeopardy is overruled in District Court, and he is placed on trial there and convicted, he may appeal to the Superior Court from this second trial unburdened by the District Court ruling on his plea in bar or any of the other proceedings in the trial appealed from (the second trial). The defendant will then be tried *de novo* and he may assert his plea in bar *de novo* in the Superior Court. If it is determined in Superior Court that defendant has been twice placed in jeopardy in the District Court, the plea in bar should be sustained. This procedure is consistent with the provisions of G.S. 15-177.1.

[5] As stated above, in our opinion, the Superior Court judge was correct in sustaining defendant's plea of former jeopardy. However, he fell into error in considering that G.S. 15-177.1 constituted an impediment to defendant's right to assert his plea of former jeopardy upon the trial *de novo* in the Superior Court; and, consequently, was in error in declaring the statute unconstitutional in this respect.

In our opinion that portion of the judgment appealed from which sustains defendant's plea of former jeopardy is correct and is affirmed. That portion of the judgment appealed from which holds G.S. 15-177.1 "unconstitutional under the facts of this case" is reversed.

Affirmed in part

Reversed in part.

Judges CAMPBELL and GRAHAM concur.