IN THE MATTER OF DOUGLAS McAUTHER HUNT

IN THE MATTER OF ROGER ALAN DOWD

No. 7926DC839

No. 7926DC840

(Filed 20 May 1980)

**Constitutional Law § 34; Infants § 16— juvenile hearing—continuance to permit State to present additional evidence—no double jeopardy**

 Respondents were not placed in double jeopardy when the trial court continued juvenile delinquency hearings after the State had presented one witness in order to give the State an opportunity to bring in additional witnesses where the same judge heard evidence at each stage of the hearing and rendered his findings at the conclusion of the entire adjudicatory process.

APPEAL by respondent Hunt from *Black, Judge.* Orders entered 17 April 1979 and 24 January 1979 in District Court, MECKLENBURG County. Appeal by respondent Dowd from *Jones (William G.)* and *Black, Judges.* Orders entered 31 August 1979 and 18 July 1979 in District Court, MECKLENBURG County. Heard in the Court of Appeals 18 March 1980.

Both of these cases involve appeals from juvenile orders finding the respondent juvenile delinquent as defined by G.S. 7A-278(2). In Hunt, the State charged in a juvenile petition that respondent had intentionally disturbed classes at a junior high school, in violation of G.S. 14-288.4(a)(6), and had obstructed an officer while he was trying to arrest the respondent for the above offense, in violation of G.S. 14-223. A hearing was held on 15 January 1979 at which the only witness who testified for the State was the principal of the junior high school, who stated that on 1 December 1978 at around 10:00 a.m. he was called to three classrooms, including the one at which respondent was assigned, but observed no disorders. He observed respondent running from the building. At this point, on its own motion the trial court entered an order continuing the proceeding until 24 January 1979 to "give the State a chance to bring in additional witnesses who can testify to the allegations of the petition." At the beginning of the subsequent hearing, the juvenile's motion to dismiss on grounds of former jeopardy was denied. The State then presented

the testimony of the juvenile's teacher and the arresting officer, after which the court found that respondent had committed both of the offenses alleged in the petition.

In the Dowd case the State alleged that the juvenile was delinquent in possessing marijuana, in violation of G.S. 90-95(a)(3). At the hearing on 6 June 1979 the State presented the testimony of a teacher at respondent's junior high school, who stated that he had observed the juvenile with what appeared to be a marijuana cigarette in his hand. Over respondent's objection, the trial court granted the State's motion for a continuance until 18 July 1979 in order to "bring in the lab analyst." At the hearing on that date a chemist and the police officer who seized the cigarette testified, after which the court found the juvenile had committed the offense alleged in the petition. Respondents appeal.

*Public Defender Fritz Y. Mercer, Jr., by Assistant Public Defender Donna Chu, for the respondents.*

*Attorney General Rufus L. Edmisten, by Associate Attorney Steven Mansfield Shaber, for the State.*

WELLS, Judge.

The single issue raised by respondents' counsel in these cases concerns whether the trial court's granting the State or ordering a continuance for the sole purpose of allowing the State time to present additional evidence against the respondents constituted placing them in double jeopardy in violation of the Fifth Amendment to the Constitution of the United States.

The Double Jeopardy Clause of the Fifth Amendment has been made applicable to the states through the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 23 L.Ed. 2d 707, 89 S.Ct. 2056 (1969). The Double Jeopardy Clause normally comes into play in three situations: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 53 L.Ed. 2d 187, 97 S.Ct. 2221 (1977). The Clause has also been held applicable in some circumstances to proceedings which terminate prior to judgment. *Arizona v. Washington,* 434 U.S. 497, 54 L.Ed. 2d 717, 98 S.Ct. 824

(1978).[1] The rationale of this extension of the protection of the Clause is that

> the State, with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187-188, 2 L.Ed. 2d 199, 204, 78 S.Ct. 221, 223 (1957). The protection of the Clause applies to juvenile proceedings. *Breed v. Jones*, 421 U.S. 519, 44 L.Ed. 2d 346, 95 S.Ct. 1779 (1975); *In re Drakeford*, 32 N.C. App. 113, 230 S.E. 2d 779 (1977).[2]

In the present action respondents argue that the "continuance" granted by the trial court in fact amounted to successive trials. While we agree that a major objective of the Double Jeopardy Clause is to prevent the prosecution from having

---

1. Under the English and early American practice the bar of double jeopardy could only be asserted on the basis of an actual verdict of acquittal or conviction. However, beginning with the Supreme Court's decision in *United States v. Perez*, 9 Wheat 579, 6 L.Ed. 165 (1824) it became established in our Country that a defendant could be put in jeopardy even in a prosecution which did not terminate in a conviction or acquittal. For an extended discussion of the historical development of the Double Jeopardy Clause, *see*, *Crist v. Bretz*, 437 U.S. 28, 57 L.Ed. 2d 24, 98 S.Ct. 2156 (1978) (Powell, J., dissenting).

2. The Supreme Court of the United States first recognized that juvenile court systems must provide juveniles with the essentials of due process and fair treatment in the case of *In re Gault*, 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428 (1967). The Court has recognized, however, that not all of the rights guaranteed to defendants in criminal proceedings must be afforded in juvenile actions. *See*, *McKeiver v. Pennsylvania*, 403 U.S. 528, 29 L.Ed. 2d 647, 91 S.Ct. 1976 (1971) (no right to trial by jury in state juvenile delinquency proceedings). The reason that constitutional standards have been relaxed is that such proceedings are not strictly "criminal" in nature, but have the purpose of providing a procedure for dealing with young persons which possesses the requisite flexibility to diagnose and treat childhood developmental problems *before* children with such problems become hardened criminals. However, the Court has realized as early as *Gault* that juvenile proceedings are not purely "civil" and are attended by a significant amount of stigmatization to the accused. To this end the Court has attempted to balance the need for flexibility with procedural safeguards mandated by our Constitution for defendants in criminal proceedings. *See*, *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068 (1970) (the state's burden of proof in juvenile delinquency proceedings must be beyond a reasonable doubt).

"another opportunity to supply evidence which it failed to muster in the first proceeding," *Burks v. United States*, 437 U.S. 1, 11, 57 L.Ed. 2d 1, 9, 98 S.Ct. 2141, 2147 (1978), we do not believe that the continued hearing constituted a "second proceeding" to which jeopardy again attached.

In a jury trial, jeopardy attaches at the time the jury is empanelled. *Crist v. Bretz*, 437 U.S. 28, 57 L.Ed. 2d 24, 98 S.Ct. 2156 (1978); *State v. Shuler*, 293 N.C. 34, 235 S.E. 2d 226 (1977). In a juvenile proceeding, jeopardy attaches when the judge, as trier of fact, begins to hear evidence. *Breed v. Jones, supra; In re Drakeford, supra.* The constitutional basis for the fact that jeopardy is held to attach at this time is *the need to protect the interest of the accused in retaining a chosen fact-finder. Crist v. Bretz, supra.* In both of the cases *sub judice* the same finder of fact heard evidence at each stage of the hearing and rendered his findings at the conclusion of the adjudicatory process. It is clear in each of the cases that jeopardy attached only once—at the time the judge began to hear evidence. While respondents conceivably may have been put through additional embarrassment, anxiety and expense as a result of the continued hearings, the subsequent hearing before the same trier of fact was not a second trial barred by the Double Jeopardy Clause.

Respondents cite *State v. Coats*, 17 N.C. App. 407, 194 S.E. 2d 366 (1973) in support of their argument that the continued hearings constituted double jeopardy. In *Coats* we held that where a continuance was granted by the district court judge to allow the State additional time to subpoena a witness and the second district court hearing *began anew with the defendant again entering a plea*, the Double Jeopardy Clause barred the proceeding. *Coats* and the other cases cited by respondents in which the trial was discontinued, the trier of fact dismissed, and a new jury empanelled are distinguishable from the situation presented in the cases *sub judice. See, e.g., Downum v. United States*, 372 U.S. 734, 10 L.Ed. 2d 100, 83 S.Ct. 1033 (1963) and *State v. Carter*, 289 N.C. 35, 220 S.E. 2d 313 (1975), *mod. as to death penalty*, 428 U.S. 904, 49 L.Ed. 2d 1211, 96 S.Ct. 3212 (1976). In *Carter*, the North Carolina Supreme Court held that a one-week continuance granted to allow the State to present the testimony of a witness, temporarily incapacitated due to surgery, did not subject defendant to a separate trial and was not barred by the Double Jeopar-

dy Clause. In the cases before us the Fifth Amendment rights of each of the accused under the Clause—the right to have his case heard in its entirety and determined before the same trier of fact—has not been infringed.[3]

No error.

Judges HEDRICK and WEBB concur.

---

3. While we hold that the continuances allowed by the juvenile courts did not violate the Double Jeopardy Clause, we note that under certain circumstances the granting of a continuance for the benefit of the State may be barred by our sense of fundamental fairness and due process in the administration of justice. Certainly, the State may not be afforded repeated continuances for the purpose of obtaining sufficient evidence to satisfy the State's burden of proof in the delinquency proceedings, where it would not serve the best interest of the child under G.S. 7A-285. Since respondents have not argued in their brief that their due process rights have been violated, Rule 28(a) of the N.C. Rules of Appellate Procedure does not permit us to reach this issue at this time. *Brown v. Neal,* 283 N.C. 604, 197 S.E. 2d 505 (1973).