STATE OF NORTH CAROLINA v. MICHAEL LLOYD BRUNSON

No. 881SC1148

(Filed 21 November 1989)

**Constitutional Law § 34 (NCI3d) — driving while impaired — bench trial — attachment of jeopardy**

The trial court erred in a prosecution for driving while impaired where defendant appeared when scheduled, requested a continuance when the prosecutor called the docket; that motion was denied; the case was called for trial shortly after 5:00 that afternoon; the charges were read and defendant pled not guilty; the prosecutor then immediately moved for a continuance on the grounds that essential State witnesses were not present; no witnesses had been sworn or any evidence presented; the trial judge denied the motion, stating that he had denied defendant's earlier motion and that the District Attorney could either try the case or dismiss it; the District Attorney dis-

STATE v. BRUNSON

[96 N.C. App. 347 (1989)]

missed the case, but immediately had new warrants issued for the same charges; defendant moved to dismiss the new charges on grounds of double jeopardy; that motion was denied, defendant was convicted and appealed to superior court; defendant's double jeopardy motion was granted in superior court; and the State appealed. It is inherent that jeopardy arises from action that jeopardizes the defendant; the action that jeopardizes the defendant is beginning his trial; and the only way that a bench trial can begin is by the State offering evidence against the defendant. Furthermore, it is apparent that the General Assembly also regards the introduction of evidence as the action in a bench trial that subjects the defendant to jeopardy because N.C.G.S. § 15A-931 requires that voluntary dismissals of criminal prosecutions be accompanied by notation by the Clerk as to whether a jury has been empaneled or evidence has been introduced.

**Am Jur 2d, Criminal Law § 259.**

Judge BECTON dissenting.

APPEAL by the State from *Small, Judge.* Order entered 23 May 1988 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 11 May 1989.

*Attorney General Thornburg, by Associate Attorney General Hal F. Askins, for the State.*

*Twiford, O'Neal & Vincent, by Edward A. O'Neal, for defendant appellee.*

PHILLIPS, Judge.

The order the State is appealing dismissed its warrant charging defendant with impaired driving on the ground that it would twice put him in jeopardy for the same offense in violation of the guarantees contained in Article I, Sec. 19 of the North Carolina Constitution and the Fifth Amendment of the United States Constitution. That there was an earlier prosecution for the same offense which was voluntarily dismissed by the District Attorney because of the absence of the State's witnesses is not questioned; the only question is whether jeopardy attached in it. We hold that it did not and vacate the order.

STATE v. BRUNSON

[96 N.C. App. 347 (1989)]

The facts pertinent to this question follow: On 5 May 1987 in the District Court of Pasquotank County the State charged defendant with two misdemeanors within its original jurisdiction— impaired driving in violation of G.S. 20-138.1; and leaving the scene of an accident involving property damage without providing the required information in violation of G.S. 20-166. Our District Courts do not have juries and in criminal cases misdemeanors are tried to the judge with defendants having a right to a trial *de novo* in the Superior Court before a jury if convicted. The case was scheduled to be tried on 20 July 1987 and that morning between 9:30 and 10:00 o'clock when the Assistant District Attorney prosecuting the docket called the calendar to ascertain what defendants were there, which ones were represented by counsel, and what pleas would be submitted defendant stated that he would plead not guilty and needed a continuance because the lawyer he wanted to hire had to be elsewhere that day. The court denied the motion to continue and defendant then signed a waiver of counsel and waited in court the rest of the day for the call of his case. Shortly after 5 o'clock that afternoon the case was called for trial, the charges were read to him, and he pled "not guilty" to each charge. Immediately thereafter, before any witnesses were sworn or any evidence presented, the Assistant District Attorney moved for a continuance on the ground that some essential witnesses for the State were not there. Judge Chaffin denied the motion, stating that he had denied defendant's motion earlier and the District Attorney could either try the case or dismiss it. The District Attorney dismissed the case, but immediately had new warrants issued for the same charges. Defendant moved to dismiss the new charges on the ground that he had been placed in jeopardy on the charges in the earlier proceeding. Judge Beaman found facts essentially as above stated, but denied the motion because in the prior proceeding no witnesses were sworn and no evidence was presented. In the bench trial that followed defendant was acquitted of leaving the accident scene and convicted of impaired driving. The conviction was appealed to the Superior Court where defendant again moved to dismiss on the constitutional ground asserted earlier. In addition to the facts stated above, in granting the motion Judge Small also found that in the former proceeding defendant was duly arraigned and the charges were dismissed because of the unavailability of the witnesses and he concluded that jeopardy attached when the District Court Judge ordered the State to either try the case or dismiss it.

When jeopardy attaches in a criminal prosecution before a jury is well established. It attaches when a defendant is placed on trial (1) on a valid indictment or information; (2) before a court of competent jurisdiction; (3) after arraignment or its waiver; (4) after plea; and (5) when a competent jury has been impaneled and sworn. *State v. Shuler*, 293 N.C. 34, 235 S.E.2d 226 (1977); 4 Strong's N.C. Index 3d, *Criminal Law* Sec. 26.2 (1976). When jeopardy attaches in a bench trial is not so well established, at least in this jurisdiction, as our Supreme Court has not addressed the question as far as we can tell. In *State v. Coats*, 17 N.C. App. 407, 194 S.E.2d 366 (1973), where the District Court judge impermissibly continued the trial of a drunk driving charge after the testimony of a State's witness failed to meet the District Attorney's expectations and permitted the defendant to be retried from the beginning, a panel of this Court unnecessarily expressed the view that in a bench trial, the other requisites for a valid criminal prosecution being present, the impaneling and swearing requirement in a jury trial is satisfied by an authorized judge being present to hear the case. The comparison is not sound. The elements compared differ strikingly in both character and significance; for parties to a jury trial select the jurors, but parties to a bench trial have no voice in selecting the judge; and the impaneling and swearing of a jury is an event during a criminal trial from which ordinarily there can be no turning back until the defendant is either convicted of or delivered from the charge, while the presence of an authorized judge on the bench is not an event at all, much less one that enhances the defendant's peril. So far as we are aware the view advanced in *Coats* has not been adopted by any court. The views that have been adopted by different courts are that in a bench trial jeopardy attaches "when the trial begins," or when witnesses are sworn, or when testimony or evidence is introduced. Annot., 49 A.L.R.3d 1039 (1973). This latter view was adopted by another panel of this Court in a later case, and we follow it.

In reviewing a juvenile adjudication by a District Court judge, this Court held in *In re Hunt and In re Dowd*, 46 N.C. App. 732, 266 S.E.2d 385 (1980), that jeopardy attaches when the judge as trier of fact begins to hear evidence. That is clearly the sounder view we think. For it is inherent that jeopardy arises from action that jeopardizes the defendant; it does not arise from parties, witnesses and court officials being quiescent though ready to act.

## STATE v. BRUNSON

[96 N.C. App. 347 (1989)]

In a bench trial, no less than in a jury trial, the action that jeopardizes the defendant is beginning his trial; for until a defendant is "put to trial before the trier of the facts, whether the trier be a jury or a judge," jeopardy does not attach, so the Supreme Court said in *United States v. Jorn*, 400 U.S. 470, 479, 27 L.Ed.2d 543, 553, 91 S.Ct. 547, 554 (1971). And the only way that a bench trial can begin in our judgment is by the State offering evidence against the defendant. Furthermore, it is apparent that the General Assembly also regards the introduction of evidence as the action in a bench trial that subjects the defendant to jeopardy, for G.S. 15A-931 requires that voluntary dismissals of criminal prosecutions be accompanied by a notation of the Clerk's as to "whether a jury has been impaneled or *evidence has been introduced.*" (Emphasis supplied.)

In this case the dismissal was taken to avert the necessity of introducing evidence rather than after its introduction; and in cases such as this it is the introduction of evidence, not its unavailability, that causes jeopardy to attach. Thus, the order dismissing the warrant charging defendant with impaired driving is vacated and the case remanded to the Superior Court for trial on that charge.

Vacated and remanded.

Judge LEWIS concurs.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that defendant was twice put in jeopardy on the impaired driving offense in violation of guarantees contained in our State and the United States Constitutions, I dissent.

In criminal cases, jeopardy attaches when the prosecutor calls the case for trial *and* the tribunal is constitutionally or statutorily ready to hear the case. In jury trials, the tribunal is ready to hear the case when jurors are impaneled and sworn. Jeopardy attaches then—at that moment—and not later when witnesses are sworn or when evidence is presented. The rule should not be different in bench trials. In my view, when the prosecutor calls the case for trial and the judge is constitutionally or statutorily ready to hear the case, jeopardy attaches. I therefore dissent. *See State v. Coats*, 17 N.C. App. 407, 194 S.E.2d 366 (1973).