THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* WILLIAM WILLINGHAM, Defendant.

Supreme Court, Criminal Term, Queens County, January 16, 1967.

*Vincent A. Pirrone* for defendant. *Nat H. Hentel, District Attorney (Joseph Santangelo* of counsel), for plaintiff.

EDWARD THOMPSON, J. Defendant, under an indictment of assault, second degree (2 counts), brings on this motion for an order permitting him to amend his original plea of not guilty by adding a plea of former acquittal (Code Crim. Pro., § 332, subd. 3) and for an order dismissing the indictment on the ground that his former jeopardy of conviction of the crimes thereby charged bars his further prosecution thereunder. The motion to amend the plea in the form requested is denied, because the termination of the prior trial did not result in a judgment of acquittal (Code Crim. Pro., § 334, subd. 4) even if, as defendant contends, it involved prior jeopardy. In the absence of any statutory authorization for an appropriate form of plea, the objection is properly raised by defendant's motion to dismiss the indictment on that ground (*People ex rel. Brinkman* v. *Barr,* 248 N. Y. 126, 129) and this latter part of the motion is considered on the merits, and denied, on the ground that the prior trial had not progressed to the point where jeopardy had attached.

The undisputed facts give rise to a single issue of law (*People ex rel. Brinkman* v. *Barr, supra; People ex rel. Stabile* v. *Warden,* 202 N. Y. 138, 153). It appears from the records of the court that this case came on for trial on November 21, 1966, on which date a jury was impaneled and sworn to try the issues. On November 22, 1966, after the District Attorney had opened to the jury, defendant's counsel proceeded with his opening statement and, in so doing, made remarks which brought the District Attorney to object and, eventually, to move for a mistrial. The Trial Judge granted the motion, the jury was discharged, defendant's counsel took exception to the ruling and a new trial date was designated. The present motion is intended to forestall that trial. I hold that in these circumstances, defendant had not

yet been subjected to jeopardy of conviction within the meaning of the constitutional proscription (N. Y. Const., art. I, § 6) when the prior trial foundered and that his further prosecution under the indictment is not barred on that account.

Although it is said that "the general rule * * * is that, when a person has been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury has been impaneled and sworn, he is in jeopardy" (22 C. J. S., Criminal Law, § 241, p. 637) "the general rule in this State is that if the court has jurisdiction and all prior proceedings are valid, a prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, *and evidence given*" (*People ex rel. Meyer* v. *Warden,* 269 N. Y. 426, 428, emphasis supplied). The New York requirement that *evidence be given* seems to be the "slight variation" from the rule in other jurisdictions, as stated in the text of the authority cited (16 C. J., p. 236) [1] in the *Meyer* opinion. In that case, the court cited three prior cases as the foundation for the New York rule. In one of them (*King* v. *People,* 5 Hun 297, 299–300) the Third Department had said, specifically: "In other courts and in other States a very technical rule is adopted. A prisoner is held to have been once in jeopardy if a jury has been impanneled and discharged, or allowed to separate before or without a verdict. * * * I think that our courts have not gone beyond this: that a prisoner is once in jeopardy when he has been arraigned and pleaded to a valid indictment, a jury has been sworn, *and evidence given,* and then, without his consent, a juror has been withdrawn or (which is the same thing) the jury discharged" (emphasis supplied). In another (*People ex rel. Stabile* v. *Warden,* 202 N. Y. 138, 140, 141, 147–149), *evidence had been given* by both sides and the jury had retired to deliberate but had been brought back and discharged before they had either agreed upon or declared their inability to agree upon a verdict. Its citation in the *Meyer* opinion suggests that the *Stabile* court's statement of the proposition that "if a person accused of crime has been placed upon trial therefor upon an indictment duly found and sufficient in form and he pleads thereto and proceeds with the trial before a jury duly sworn to try the issues so joined, he is placed in jeopardy within the constitutional provisions" (p. 150) had been interpreted in the light of the fact that *evidence had been given* in the *Stabile* case.

---

1. Except insofar as the earlier work reads: "A jury *have* been impaneled", the statement of the rule is in the identical language quoted from 22 C. J. S., p. 637.

In the third (*People* v. *Goldfarb,* 152 App. Div. 870, affd. 213 N. Y. 664), evidence had been taken on the defendant's trial for jostling when the Magistrate interrupted the proceeding and directed that another complaint be made out. Thereafter, he dismissed the first complaint with the apparent intent of having defendant prosecuted (under the second complaint) in the Court of Special Sessions, where a greater sentence might be imposed in the event of conviction (pp. 871–873). *Goldfarb,* it will be noted, was the only nonjury trial involved in the line of New York cases, including the *Meyer* case itself.

The rule laid down in that case has since been reiterated and applied indiscriminately, both in jury trials (see, e.g., *People ex rel. Blue* v. *Kearney,* 181 Misc. 981, 984, affd. 292 N. Y. 679; *People ex rel. Carlucci* v. *La Vallee,* 11 A D 2d 553; *People* v. *Di Marco,* 19 A D 2d 150, 152; *Matter of Heib* v. *Newberg,* 24 A D 2d 691) [2] and nonjury trials (cf. *Matter of Nolan* v. *Court of Gen. Sess.,* 11 N Y 2d 114, 119; *People* v. *Pearl,* 272 App. Div. 563, 565; *People ex rel. Forastiere* v. *Clark,* 3 A D 2d 700; *Matter of Mack* v. *Court of Gen. Sess.,* 14 A D 2d 98, 104). This constant adherence to the New York rule sets our courts apart from those who follow " the generally recognized rule " that " if the trial is to a jury   *   *   *   it is said that jeopardy attaches when the jury are impaneled and sworn. If the trial is to the court without a jury, it is well settled that, for the purpose of determining when jeopardy attaches, the trial begins at the time of the commencement of the taking of the testimony, that is, when the first witness is duly sworn " (22 C. J. S., § 241, pp. 639–640).

New York's rejection of that distinction was reaffirmed recently in *Matter of Nolan* v. *Court of Gen. Sess.* (*supra,* p. 119) where the court, after quoting the applicable rule from *People* v. *Goldfarb* (152 App. Div. 870, 874, affd. 213 N. Y. 664, *supra*) — a nonjury case — stated that it had been referred to

2. In both *Heib* and *Di Marco,* selection of a jury had been commenced, but not completed, when the proceedings were terminated, and the respective defendants were thereafter indicted. In *Heib,* the defendant resorted to an article 78 proceeding to prevent prosecution under the indictment on former jeopardy grounds and in dismissing the proceeding, the Third Department quoted the *Meyer* rule and noted its recent reaffirmance in the *Nolan* case (11 N Y 2d 114, 119). In *Di Marco,* the defendant demurred to the indictment on the ground that the Grand Jury lacked jurisdiction. The Fourth Department found it unnecessary to decide whether selection of a jury was essential to a " commencement of the trial " (Code Crim. Pro., § 59) since no trial was in progress at the time of the indictment. In its discussion, the court noted that in double jeopardy cases, the rule is that " jeopardy attaches when evidence is first received " (citing *Meyer* and *Pearl* cases) (19 A D 2d 150, 152).

with approval, and rephrased, in *People ex rel. Meyer* v. *Warden* (269 N. Y. 426, 428, *supra*) — a jury case — so as to state that " A prisoner is placed in jeopardy when he has been arraigned and pleaded to a valid charge, a jury has been examined and sworn, *and evidence given.*"[3] In the instant case, no evidence had been given before the mistrial was declared and jeopardy had not, therefore, attached. Whether the Trial Judge's ruling was correct or otherwise is immaterial. Defendant's plea of former jeopardy is untenable and his motion to dismiss the indictment on that ground is denied.

---

3. Chief Judge CRANE had meanwhile said, in *People* v. *Reed* (276 N. Y. 5, 12) that the courts had "become so sensitive to the rights of defendants as to encourage the claim that such a motion [to dismiss an indictment for insufficiency as a pleading] made after the drawing of a jury might, if granted, give rise subsequently to a plea of former jeopardy."