Carmine A. Ventiera, J.
In this article 78 proceeding the petitioner, a boy 15 years of age, seeks an order prohibiting the respondents, Judges of the Family Court of the County of Kings, from reconducting a fact-finding hearing, upon the ground that to do so would place him in double jeopardy. A statement of the facts will project into focus the questions involved which are: first, whether the record presents a case of double jeopardy; second, whether the exception of “ manifest ” or ‘ ‘ imperious necessity ’ ’ is applicable; and third, whether the constitutional safeguard against double jeopardy applies to a juvenile delinquency proceeding in the Family Court.
The juvenile delinquency petition, made by a police officer, alleged in substance, on information and belief, that on November 19, 1968 the petitioner, while acting in concert with two other youths, did take and operate a Chevrolet truck, without the owner’s consent or permission, and did drive the truck across the street into two other parked vehicles, as a result of which all three vehicles were damaged. It was further alleged that the acts of the petitioner, if done by an adult, would constitute the crime of unauthorized use of vehicle (Penal Law, § 165.05, subd. 1 — Class A misdemeanor).
The fact-finding hearing, at which both sides were represented by counsel and had indicated readiness to proceed, commenced on January 14, 1969. The police officer testified that while on patrol he received information, gave chase, and apprehended the petitioner who was running on the sidewalk, and took him into custody. He did not see the petitioner in the truck. Confronted with this situation, the prosecutor asked the court for a moment and then said ‘1 After further consultation ”, but he got no further. The court declared “ All right. Mistrial.” Petitioner objected to a mistrial. The court then *494 continued questioning the officer who reiterated his prior testimony. Finally, the prosecutor said he was not ready, “ That’s the way it stands now ’ ’, but added that he did have a witness to establish that petitioner was in the truck. The court said “ One adjournment. Mistrial granted. Adjourned.” It then developed that the missing witness was the son of the owner of the truck, who was not present because he was tending to the business. The owner indicated a willingness to telephone his son to see if he was able to come down. The petitioner’s attorney stated to the court that a double jeopardy question was involved. The hearing ended with the court’s statement “ Adjourned to 2/7/69. Mistrial granted. Police officer needs a witness.” The court indorsed that language on the back of the petition.
The respondent argues at the outset that what the court intended was an adjournment and not a mistrial and that the Judge should not be bound “in loosely using the term ‘ mistrial ’ ”, This court disagrees. The distinction between an “ adjournment ” and a “ mistrial ” is so fundamental, so well understood, and so well established as to require no extended discussion or even definition. What was said and done determines the matter. Three times during the hearing the court granted a mistrial, and then so indorsed the papers giving as its reason that the police officer needs a witness. And such mistrial was declared over the petitioner’s objection and direct statement that a claim of double jeopardy would be made. The so-called adjourned date was in reality the date fixed for the new hearing since the proceeding could not remain suspended in mid-air. An additional reason for granting the mistrial was to enable another Judge, if necessary, to conduct the subsequent hearing de novo. This court concludes that upon this record a mistrial was declared, because ‘ ‘ police officer needs a witness ”.
Both the State and Federal Constitutions prevent a person from being placed twice in jeopardy for the same offense. “ No person shall be subject to be twice put in jeopardy for the same offense ’’ (N. Y. Const., art. I, § 6; U. S. Const., 5th Amdt.). “It is the law of this State that a. person is in legal jeopardy when he is put upon trial before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction, when a jury has been empaneled and when some evidence is taken [Citing cases] ” (People v. Jackson, 20 N Y 2d 440, 446; People ex. rel. Meyer v. Warden, 269 N. Y. 426, 428).
*495 In a jury case, jeopardy attaches when the jury has been examined and sworn and evidence given (Matter of Bland v. Supreme Ct., County of N. Y., 20 N Y 2d 552, 554). The Federal rule is that a defendant is subjected to jeopardy after a jury has been selected and sworn (Downum v. United States, 372 U. S. 734) but we have refused to relax our rule which requires not only that the jury be sworn but that evidence be taken (Matter of Bland v. Supreme Ct., County of N. Y., supra, p. 555). In a nonjury case, the defendant is deemed to have been placed in jeopardy when the trial commences and evidence introduced (People v. Clark, 3 A D 2d 700; People v. Pearl, 272 App. Div. 563). The .rationale of the rule is that in nonjury cases the taking of evidence marks the commencement of the trial. There can be no question that in this case jeopardy had attached when the police officer testified as to the apprehension and arrest of the petitioner and a conversation had with him. Thus it was required that the hearing proceed and be prosecuted to a legal determination (1 Wharton, Criminal Law, [12th ed.], p. 549 et seq.).
The guarantee against double jeopardy in the Fifth Amendment, is by virtue of the due process clause of the Fourteenth Amendment, applicable to the States and “ the ruling on double jeopardy in Hetenyi [United States ex rel. Hetenyi v. Wilkins, 348 F. 2d 844, cert. den. 383 U. S. 913] is the law of the land ” (People v. Ressler, 17 N Y 2d 174, 181).
The question then becomes whether the doctrine of manifest necessity nevertheless permits a rehearing where the mistrial has been declared to enable the prosecution to produce a witness. A mistrial can only be ordered where the circumstances are exceptional. The reason must be “ a necessitous one, actual and substantial ” (Matter of Nolan v. Court of Gen. Sessions, 11 N Y 2d 114, 118). In that case the court quoted with approval, page 119, the 1‘ excellent ’ ’ statement of the rule given in People v. Goldfarb (152 App. Div. 870, 874) as follows: “ I am of opinion that it is the well-settled rule that where a person is arraigned on a criminal charge, and required to go to trial before a court of competent jurisdiction, unless the trial is terminated by the disagreement of the jury, or their discharge pursuant to law, or by the consent of the accused, .or through extreme or absolute necessity, as by illness or death, he has been put in jeopardy and cannot be prosecuted again in the same or another court on the same charge; and the discontinuance of the prosecution is equivalent to a discharge, for the constitutional protection grants the defendant immunity against a second trial. [Citing cases.] ”
*496 In Matter of Bland v. Supreme Ct., County of N. Y. (20 N Y 2d 552, 555, supra), the court did not reach the question whether the granting of a mistrial, was a manifest necessity in order to enable the prosecution to locate one of its witnesses. The doctrine of manifest necessity is not an exception to the constitutional prohibition of double jeopardy where the trial is terminated because the prosecutor, is not prepared with his evidence. (People v. Barret, 2 Caines 304; People ex rel. Stabile v. Warden, 202 N. Y. 138, 151.) However, it has been said: “ the doctrine of manifest necessity is also one that has not received definitive articulation in this State [citing cases] (Matter of Bland v. Supreme Ct., County of N. Y., supra, p. 560, Breitel, J., dissenting opinion.)
In Downum v. United States (372 U. S. 734, supra) the plea of former jeopardy was sustained where after the jury was sworn and a mistrial was declared because the prosecutor’s key witness was not present, the court indicated -the correct holding had been made in Cornero v. United States, (48 F. 2d 69) where similarly a jury was sworn, the trial adjourned, and then a mistrial directed when prosecution witnesses were not present and could not be found and the plea of double jeopardy was sustained. In Downum the prosectuion allowed the jury to be sworn even though its key witness was absent and had not been found, while in Cornero the District Attorney empaneled the jury without first ascertaining whether or not his witnesses were present. Both decisions indicate that before proceeding to select and swear a jury (and to take evidence in a nonjury case) the prosecutor is duty bound to make certain that his witnesses are or will be present, and if not, to request a continuance, and if he does not do so and proceeds without sufficient evidence to convict, there is no warrant to declare a mistrial, and the case is not taken out of the rule with reference to former jeopardy. However, the Federal courts have taken the position that the rule is not an inflexible one, that they refuse to say that the absence of witnesses can never justify a mistrial, and that judgment should be made on a case by case basis (Wade v. Hunter, 336 U. S. 684, 691; Downum v. United States, supra, p. 737). This qualification has not yet been adopted in this State, although it has been suggested that the rule be reconsidered (Matter of Bland v. Supreme Ct., County of N. Y., supra, p. 560).
The doctrine of manifest necessity, in any event, contemplates a sudden and overwhelming emergency, beyond control of the court and unforeseeable. It does not mean expediency. *497 It is clear to this court that upon the facts here the plea of former jeopardy must be sustained. The prosecutor obviously made no effort to ascertain that the necessary witnesses were present. The inference is plain that he was wholly unfamiliar with the prospective testimony of his police officer witness. Discovery, after he had called this witness, that a key witness was necessary and absent, furnishes no adequate excuse for a mistrial. It was not an exceptional or extraordinary circumstance. This was not a case where the key witness could not be located. His whereabouts were disclosed to the court — he was at home taking care of the business. No effort at all was made to produce him. With reasonable diligence his presence could have been secured in an hour, or a continuance granted until the following morning. The prosecutor proceeded without sufficient evidence, and such discovery after he had called a witness did not justify the declaration of a mistrial nor does it warrant a rejection of the plea of former jeopardy.
The court rejects the final argument of the respondent that the double jeopardy rule is not applicable to a juvenile delinquency proceeding in the Family Court because that court is civil in nature, that the adjudication of juvenile delinquency is not a conviction for a crime, and that the purpose in that court is to protect a person and not to punish him. These arguments were asserted in the dissenting opinion in Matter of Gregory W. (19 N Y 2d 55, 65) but riot adopted by the majority. Juvenile delinquency proceedings, since they result in a loss of personal freedom, are “ at the very least quasi-criminal in nature” (Matter of Gregory W., supra, p. 62; Matter of Aaron D., 30 A D 2d 183). In such a proceeding there must be a full compliance with due process requirements (Matter of Gault, 387 U. S. 1; Matter of Gregory W., supra; Matter of Aaron D., supra; Matter of William L., 29 A D 2d 182, 185). Section 711 of the Family Court Act specifically provides that “ The purpose of this article is to provide a due process of law (a) for considering a claim that a person is a juvenile delinquent”.
The landmark case of Matter of Gault (supra) clearly points the way to a determination of the question. After stating that due process is requisite to the constitutional validity of of a juvenile delinquency proceeding, the court held that in such cases there must be an application of the Bill of Bights safeguards of notice of charges, right to counsel, right to cross-examination and confrontation and privilege against self incrimination. It is unnecessary to review the reasons expressed in the exhaustive opinion in Gault. This court holds *498 that due process requires the application of the double jeopardy rule in a juvenile delinquency proceeding in the Family Court. It is proper to do so in such a “ quasi-criminal” proceeding. It makes no sense to this court that the constitutional right would be available with respect to an adult or hardened criminal but not to a juvenile. Such a view would be unrealistic despite the recognition that some of the provisions of the Bill of Rights (entitlement to bail, indictment by a Grand Jury, public trial or trial by jury) would not be applicable in the Family Court. Accordingly, the petiton is granted.