STATE OF NORTH CAROLINA v. THEARPHA LEE

No. 805SC980

(Filed 7 April 1981)

1. **Criminal Law § 26.3– misdemeanor prosecution dismissed – felony charge based on subsequent warrant and indictment – no double jeopardy**

   Defendant was not subjected to double jeopardy where the State initially proceeded against him by way of a magistrate's order, the district court judge presiding at defendant's probable cause hearing ruled that the proceedings were limited to a misdemeanor rather than the felony charged due to the wording of G.S. 90-108(b) and the fact that a magistrate's order formed the basis of the action, the case was dismissed by the district attorney's office on the same day as the probable cause hearing, and the next day the State obtained a warrant for defendant's arrest on the charges identical to those alleged in the original magistrate's order and an indictment was obtained against defendant for the felony, since jeopardy did not attach in the district court, defendant did not plead, nor was the case set for trial until sixteen days after the district attorney dismissed the case, and the prosecutor was free to institute felony charges against defendant by way of warrant and indictment.

2. **Narcotics § 4– drug acquired by forged prescription – sufficiency of evidence**

   In a prosecution of defendant for feloniously and intentionally acquiring possession of a controlled substance in violation of G.S. 90-108(a)(10), there was no merit to defendant's contention that, since the pharmacist knew the prescription presented by defendant was invalid before filling it, defendant did not violate the statute, since the statute prohibits the possession of a controlled substance by "misrepresentation, fraud, forgery, deception or subterfuge"; and, according to the evidence, defendant obtained possession

State v. Lee

of the drug Talwin, a controlled substance, through the use of a forged prescription.

**3. Narcotics § 3.1– needle marks on defendant's arm – admissibility of testimony**

In a prosecution of defendant for feloniously and intentionally acquiring a controlled substance in violation of G.S. 90-108(a)(10), there was no merit to defendant's assignments of error dealing with an officer's testimony concerning needle marks on defendant's arm, since the prosecutor informed defense counsel as soon as he himself learned of the officer's intended testimony, and the prosecutor thereby complied with his duties required by the discovery statutes; moreover, defendant was not entitled to a voir dire hearing on the voluntariness of his submission to an examination of his arm by the officer, since this type of non-testimonial evidence is not within the protection of the Fifth Amendment.

**4. Narcotics § 3.1– reputation of place or neighborhood – admissibility**

In a prosecution of defendant for feloniously and intentionally acquiring possession of a controlled substance in violation of G.S. 90-108(a)(10), the trial court did not err in admitting testimony concerning the reputation of a house and a neighborhood as being an area of frequent drug use, though such evidence ordinarily constitutes hearsay and is inadmissible, since the evidence in this case was relevant to show defendant's intent when he acquired a prescription and purchased a syringe.

APPEAL by defendant from *Barefoot, Judge*. Judgment entered 28 March 1980 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 13 February 1981.

The State initially proceeded against the defendant by way of a magistrate's order which charged that defendant feloniously and intentionally acquired possession of Talwin, a controlled substance, in violation of G.S. 90-108(a)(10). The district court judge presiding at defendant's probable cause hearing ruled that the proceedings were limited to a misdemeanor rather than the felony charged, due to the wording of G.S. 90-108(b), and the fact that a magistrate's order formed the basis of the action. The case was scheduled for trial in district court on 2 January 1980. The case was dismissed by the district attorney's office on the same day as the probable cause hearing.

The next day, the State obtained a warrant for defendant's arrest on the charges identical to those alleged in the original magistrate's order. An indictment was obtained against defendant for the felony.

The uncontroverted evidence at trial established that defendant presented a forged prescription, purportedly signed

by Dr. David Turnbull, to a K-Mart pharmacist. Dr. Turnbull testified that he had neither written nor signed the prescription. The prescription purported to be written to Katie W. Cummings for 50 mg. of Talwin. A stipulation was read into evidence that Katie Cummings of the address listed on the prescription did not know the defendant, and had never received or given defendant a prescription in her name for Talwin.

Evidence for the defendant tended to show that the writing on the prescription was not in defendant's handwriting. Defendant testified that he received the prescription from a woman he knew as Katie Cummings at the "green house," a local gathering place, and, as a favor, agreed to get it filled for her. Defendant stated that he did not know the prescription was forged, or that the drug was a controlled stubstance, until advised by the police.

On cross examination the defendant also admitted buying a needle and syringe on the night in question from a man he saw on Eighth and Dawson Streets, but denied that they were for him; or that he knew they were for use in administering controlled substances in violation of the law.

Further evidence for the State tended to show that the area where defendant says he met the woman with the prescription and purchased the syringe is known as a drug use area. A Wilmington police officer testified that on the night defendant was arrested a search of defendant's person uncovered needle marks in his arm. The officer also testified that Talwin is often used like heroin, injected by syringe into the veins.

Defendant's motion to dismiss was denied at the close of all the evidence. From denial of various motions and errors assigned in the trial, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Joan H. Byers and Assistant Attorney General Christopher P. Brewer, for the State.*

*Newton, Harris & Shanklin, by Kenneth A. Shanklin, for defendant appellant.*

ARNOLD, Judge.

[1] Defendant challenges the denial of his motion to dismiss the indictment on the claim of double jeopardy. He asserts that

the State, by dismissing the case arising from the magistrate's order, which the district court judge limited to a misdemeanor proceeding, and then trying defendant on the felony based on a warrant and indictment, subjected defendant to double jeopardy for the same offense in violation of the United States Constitution. In the alternative, defendant claims that the prosecutor was estopped from trying the defendant on anything other than a misdemeanor through his choice of original criminal process — the magistrate's order — and the ruling of the district court that only a misdemeanor could be charged in such a document under the wording of the statute. We disagree with both arguments.

The statute which defendant was charged with violating states:

> (a) It shall be unlawful for any person: ...
>
> (10) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception, or subterfuge;
>
> . . . .
>
> (b) Any person who violates this section shall be guilty of a misdemeanor. Provided, that if the violation is prosecuted by an information, indictment, or warrant which alleges that the violation was committed intentionally, and upon trial it is specifically found that the violation was committed intentionally, such violations shall be a felony punishable by imprisonment for not less than one year nor more than five years and a fine of not more than five thousand dollars ($5,000).

G.S. 90-108(a)(10) and (b).

In accordance with the statute, the district court judge limited the proceedings on the magistrate's order to the trial of a misdemeanor violation of the statute, since the criminal process did not reach the level of an information or indictment. The district attorney then chose to dismiss the misdemeanor prosecution in accordance with G.S. 15A-931 and proceed against the defendant on the felony charge based on a subsequent warrant and indictment.

State v. Lee

North Carolina recognizes that jeopardy attaches "when a defendant in a criminal prosecution is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn." *State v. Shuler*, 293 N.C. 34, 42, 235 S.E. 2d 226, 231 (1977). In a district court the requirements for jeopardy to attach are met "when a duly elected, qualified, and assigned District Court judge is present to sit as the trier of the facts" in that case. *State v. Coats*, 17 N.C. App. 407, 415, 194 S.E. 2d 366, 371 (1973).

Jeopardy did not attach in the district court since defendant did not plea, nor was the case set for trial until 2 January 1980, some sixteen days after the district attorney dismissed the case on 17 December 1979. The prosecutor was free to institute felony charges against the defendant by way of warrant and indictment, and defendant's motion to dismiss based on double jeopardy arguments was properly denied. Jeopardy never attached in the proceedings based on the magistrate's order.

Moreover, the district attorney was not estopped from proceeding against the defendant for the felony under the warrant and indictment after dismissal of the misdemeanor case. The effect of the district court's order was that the State could try the defendant only for the misdemeanor if the magistrate's order served as the criminal process. By dismissing the action based on the magistrate's order, and obtaining a warrant and indictment against the defendant, the district attorney freed the State to proceed on the felony.

[2] Defendant's challenge to the denial of his motions to dismiss and set aside the verdict is likewise to no avail. He contends that since the pharmacist knew the prescription was invalid before filling it, defendant did not violate the statute. This argument is rejected. G.S. 90-108(a)(10) prohibits the possession of a controlled substance by "misrepresentation, fraud, *forgery*, deception or subterfuge." (Emphasis added.) According to the evidence, defendant obtained possession of the drug Talwin, a controlled substance, through the use of a forged prescription. In the light most favorable to the State the evidence showed that all the elements of the offense were established. Defendant's motions were properly denied.

State v. Lee

**[3]** Assignments of error dealing with the officer's testimony concerning defendant's physical appearance also lack merit. The prosecutor informed defense counsel as soon as he himself learned of the officer's intended testimony concerning the needle marks on defendant's arm. Under the circumstances of this case the prosecutor complied with his duties required by the discovery statutes. *See,* G.S. 15A-903(e). Moreover, defendant was not entitled to a voir dire hearing on the "voluntariness" of his submission to an examination of his arm by the officer. This type of non-testimonial evidence is not within the protection of the Fifth Amendment. *See, Schmerber v. California,* 384 U.S. 757, 16 L. Ed. 2d 908, 86 S. Ct. 1826 (1966); *State v. Wright,* 274 N.C. 84, 161 S.E. 2d 581 (1968).

**[4]** Finally, we hold that the trial court did not err in admitting testimony concerning the reputation of the "Green House" and Eighth and Dawson Streets as being an area of frequent drug use.

Defendant's testimony was that he had no idea he was using a forged prescription, and that he did not know why his sick friend at the Green House wanted a syringe. The State's position here is that the evidence in dispute was relevant to show defendant's intent when he acquired the prescription and purchased the syringe.

An element of the offense charged in this case included defendant's intent. G.S. 90-108(b). Ordinarily, evidence concerning the reputation of a place or neighborhood will constitute hearsay and be inadmissible. However, where such evidence shows intent with which an act is done, as in the case at bar, the evidence may be admitted. *See State v. Chisenhall,* 106 N.C. 676, 11 S.E. 518 (1890).

We also find no error in the judge's charge.

No error.

Judges CLARK and MARTIN (Harry C.) concur.