THE STATE OF OHIO, APPELLEE, *v.* DALLMAN, APPELLANT.

(No. 1858—Decided August 24, 1983.)

*Mr. Ronald L. Rehm,* assistant prosecuting attorney, for appellee.

*Mr. Eric D. Ritz,* for appellant.

GEORGE, J. The defendant, Phillip E. Dallman, appeals from his conviction of willfully eluding or fleeing a police officer. This court affirms the conviction.

On the evening of December 21, 1982, a highway patrolman observed Dallman speeding on State Route 604. The patrolman turned on his overhead lights in order to have Dallman pull over. Instead of stopping, Dallman attempted to flee. After giving chase for about one to two miles, the patrolman was able to catch Dallman.

Dallman was cited for speeding and willfully eluding or fleeing a police officer. The trial court found Dallman guilty only of the fleeing charge.

Assignments of Error Nos. I and II

"I. The trial court erred by allowing the state to proceed on a complaint, that was merely an amendment of a prior complaint, which the trial court dismissed at the start of the trial.

"II. The trial court erred by allowing the state to proceed on a complaint that was improperly served on the appellant in the courtroom contrary to public policy and the laws of the State of Ohio."

On the day of the hearing, but prior to the commencement of trial, the court dismissed the charge of fleeing or eluding because the complaint issued to Dallman failed to properly state the elements of that offense. A second complaint, charging Dallman with the same offense, was then served on Dallman.

Dallman contends that the trial court improperly allowed the state to proceed on the second complaint, claiming that the dismissal of the first complaint barred the state from further prosecution. Dallman essentially argues that he was twice placed in jeopardy when the trial court permitted the state to proceed on the second fleeing complaint.

In a non-jury trial, jeopardy attaches when a witness is sworn in and testimony is taken. 25 Ohio Jurisprudence 3d (1981) 664, Criminal Law, Section 378. Here, the trial court dismissed the first complaint prior to the swearing in of the first witness. Further, there is no indication in the record that the first complaint was dismissed with prejudice.

Finally, Traf. R. 3(C) provides in part: "* * * An officer who completes a ticket at the scene of an alleged offense shall not be required to rewrite or type a new complaint as a condition of filing the ticket unless the original complaint is illegible or does not state an offense. If a new complaint is executed, a copy shall be served upon defendant as soon as possible."

By implication, this section authorizes the state to issue a second complaint based on the same charge of the first complaint when the first complaint is defective.

Dallman also argues that he was improperly served with the summons, and that the summons was materially defective in that it failed to order him to appear at a stated time and place. Crim. R. 4(D)(3) states that a summons may be served by delivering it to the defendant personally. Here, the summons was personally handed to Dallman immediately prior to the commencement of trial. This procedure is anticipated by the rule. Finally, Dallman personally received the summons when he was in the courtroom prepared to proceed to trial. Therefore, any absence of a notation as to when he was required to appear was obviated by

the circumstances then existing. The defects claimed do not constitute error.

Therefore, the first and second assignments of error are overruled.

### Assignment of Error No. III

"The trial court's sentence was excessive and unreasonable in light of the facts adduced at trial and all other relevant criteria."

An individual found guilty of eluding or fleeing a police officer under R.C. 4511.02(B) is guilty of a misdemeanor of the first degree. R.C. 4511.99. Therefore, Dallman was subject to a maximum sentence of six months' imprisonment and a fine of $1,000. R.C. 2929.21. Additionally, his operator's license could be suspended for a maximum of three years. R.C. 4507.16(A)(5). The trial court imposed a five-day jail sentence, a fine of $500, and a two-year suspension of his license.

Dallman essentially argues that this sentence was excessive in light of the criteria for sentencing listed in R.C. 2929.22. However, these criteria do not control or limit the trial court's discretion as it relates to sentencing. *State* v. *Selwyn* (April 21, 1982), Summit App. No. 10472, unreported.

Additionally, the state points out that the sentence Dallman received was also based in part on Dallman's traffic record, which revealed that Dallman had at least eleven speeding convictions, other moving violations, and a conviction for driving while under an administrative suspension of his license. In light of these prior traffic violations, this court cannot find that the sentence imposed was excessive.

Accordingly, the third assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and BAIRD, J., concur.