STATE OF NORTH CAROLINA v. MICHAEL LLOYD BRUNSON

No. 564A89

(Filed 26 July 1990)

### Constitutional Law § 34 (NCI3d) — driving while impaired — bench trial — attachment of jeopardy

Jeopardy did not attach in a trial in district court for driving while impaired and leaving the scene of an accident where the district attorney called the calendar and asked how all defendants intended to plead; defendant indicated that he would plead not guilty; defendant waited until after 5:00 p.m. for the case to be called; the charges were read to him and he again indicated that he would plead not guilty; the State was unable to contact its witnesses due to the lateness of the hour; the court refused a continuance; and the State dismissed the case, issuing warrants for the same charges that same day. In a nonjury criminal trial, jeopardy attaches when the court begins to hear evidence or testimony; a rule by which jeopardy attaches at the point at which the State introduces evidence or a witness begins to testify reflects an attempt to connect the consequences of jeopardy with the element which could result in conviction.

### Am Jur 2d, Criminal Law § 261.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 96 N.C. App. 347, 385 S.E.2d 542 (1989), vacating the order of *Small, J.,* at the 23 May 1988 Criminal Session of Superior Court, PASQUOTANK County, and remanding the case for trial. Heard in the Supreme Court 12 April 1990.

*Lacy H. Thornburg, Attorney General, by Hal F. Askins, Associate Attorney General, for the State.*

*Twiford, O'Neal & Vincent, by Edward A. O'Neal, for defendant-appellant.*

MEYER, Justice.

Defendant appeals the decision of the Court of Appeals, holding that jeopardy did not previously attach in his nonjury criminal

trial because no testimony or evidence was introduced. We conclude that in a nonjury criminal trial, jeopardy attaches when the court begins to hear evidence or testimony. We therefore affirm the order of the Court of Appeals.

As the procedural context of the case is determinative of the issue presented, we set it out in some detail. On 5 May 1987, defendant was charged with driving while impaired (DWI) in violation of N.C.G.S. § 20-138.1 and with leaving the scene of an accident (hit and run) in violation of N.C.G.S. § 20-166. On 20 July 1987, he appeared in district court. The case was scheduled for trial that morning. Like all criminal trials in district court, this was a bench trial, with the defendant having the right of appeal to superior court for a trial *de novo* before a jury. N.C.G.S. § 7A-290 (1989). The district attorney prosecuting the cases called the calendar and asked all defendants how they intended to plead. Defendant indicated that he would plead not guilty and requested a continuance because his attorney could not be present that day. District Court Judge John T. Chaffin declined to grant a continuance.

Defendant then signed a waiver of his right to counsel and waited until after 5:00 p.m. for the case to be called. The charges were read to him, and he again indicated that he would plead "not guilty." It is disputed whether he actually pled "not guilty" directly to the court or whether he merely responded to the prosecutor's inquiry. While waiting for the case to be called, the prosecutor had permitted the witnesses for the State to leave, with the understanding that they were to return to the courthouse upon notification of commencement of the trial. However, because of the late hour, the State was not able to contact its witnesses when the case was finally called. Without its witnesses, the State could not effectively try the case. Before introducing any evidence or calling witnesses, the State moved for a continuance. Judge Chaffin denied the motion and told the prosecutor that he could either try the case or dismiss it. The State dismissed the case, noting on the dismissal document that new warrants were to be issued. That same day, warrants were again issued for the same charges as had been dismissed earlier.

Defendant filed a motion to dismiss, alleging former jeopardy. District Court Judge Grafton G. Beaman heard and denied the motion on 11 December 1987. On 8 February 1988, the case was tried before District Court Judge J. Richard Parker. Defendant

was found guilty of DWI but not guilty of hit and run. Defendant appealed to the superior court, and on 23 May 1988, he again moved to dismiss the case on the grounds of former jeopardy. Superior Court Judge Herbert Small granted the motion to dismiss, holding that the defendant was properly arraigned on 20 July 1987; that in the court proceedings on 20 July 1987, jeopardy attached; and that the subsequent dismissal of the case precluded further prosecution for those offenses.

The Court of Appeals vacated the order of dismissal and remanded the case for trial. Relying on *In Re Hunt and In Re Dowd*, 46 N.C. App. 732, 266 S.E.2d 385 (1980), the Court of Appeals held that jeopardy attaches in a bench trial when "testimony or evidence is introduced," *State v. Brunson*, 96 N.C. App. at 350, 385 S.E.2d at 544, and that jeopardy therefore did not attach at the 20 July 1987 proceeding because no testimony or evidence was heard by the trier of fact.

Defendant contends that North Carolina has an established rule of law that in nonjury trials, jeopardy attaches when a defendant is called to the bar in a court of competent jurisdiction, is arraigned, and enters a plea to the criminal charges pending against him. This Court has held that jeopardy attaches in a jury trial when

a defendant in a criminal prosecution is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn.

*State v. Shuler*, 293 N.C. 34, 42, 235 S.E.2d 226, 231 (1977). In *State v. Coats*, 17 N.C. App. 407, 194 S.E.2d 366 (1973), the Court of Appeals stated that in nonjury trials in district courts, the aforementioned criteria would be met and jeopardy would attach when a valid warrant charging a defendant with an offense within a district court's jurisdiction is issued, the defendant makes a plea in response to the State's calling, and a "duly elected, qualified, and assigned District Court judge is present to sit as the trier of the facts." *Id.* at 415, 194 S.E.2d at 371-72. Defendant also relies on *State v. Lee*, 51 N.C. App. 344, 276 S.E.2d 501 (1981), as an affirmation of the rule stated in *Coats.*

Application of the above principles would mean that once a defendant has been arraigned, has pled, and has appeared before a qualified judge who is ready to hear the case, jeopardy has attached.

STATE v. BRUNSON

[327 N.C. 244 (1990)]

Defendant argues that upon his appearance in court on 20 July 1987, jeopardy attached because he was properly arraigned, entered a plea, and was before a qualified judge ready to hear the case. He contends that the trial in the district court on 8 February 1988 subjected him to jeopardy a second time. We find it unnecessary to determine whether defendant was in fact arraigned before the district court. We determine that the rule in North Carolina is similar to the federal rule in that jeopardy attaches in a nonjury trial when the court begins to hear evidence or testimony. *See, e.g., Serfass v. United States*, 420 U.S. 377, 388, 43 L. Ed. 2d 265, 274 (1975). Jeopardy did not attach on 20 July 1987 because the court did not hear any evidence and no witness testified. Defendant's trial on 8 February 1988 was therefore the first time jeopardy attached.

Two bases exist in North Carolina for the defense of former jeopardy: the state Constitution and the federal Constitution. The North Carolina Constitution does not specifically recognize former jeopardy as a defense, but this Court has interpreted the language of the law of the land clause of our state Constitution as guaranteeing the common law doctrine of former jeopardy. *See State v. Cameron*, 283 N.C. 191, 195 S.E.2d 481 (1973); *State v. Ballard*, 280 N.C. 479, 186 S.E.2d 372 (1972); *State v. Crocker*, 239 N.C. 446, 80 S.E.2d 243 (1954); *State v. Mansfield*, 207 N.C. 233, 176 S.E. 761 (1934); N.C. Const. art. I, § 19.

The federal Constitution explicitly recognizes the right of criminal defendants to be subjected no more than once to the risk of a conviction for a criminal offense. U.S. Const. amend. 5. This right has been extended to the states through the fourteenth amendment. *See Crist v. Bretz*, 437 U.S. 28, 57 L. Ed. 2d 24 (1978); *Benton v. Maryland*, 395 U.S. 784, 23 L. Ed. 2d 707 (1969). It is well settled that a state cannot establish laws, rules, or procedures that would deprive a defendant of his federally guaranteed freedom from former jeopardy. *See Benton v. Maryland*, 395 U.S. at 795, 23 L. Ed. 2d at 716. A state is free, however, to establish laws, rules, or procedures which preserve a defendant's fifth amendment rights and provide even greater protection than the federal Constitution mandates. *See State v. Carter*, 322 N.C. 709, 713, 370 S.E.2d 553, 555 (1988).

Defendant asserts that this latter course has been taken in North Carolina: that our Constitution confers an additional level

of protection upon defendants by recognizing the attachment of jeopardy at an earlier point in criminal proceedings than is the case under the federal Constitution. We disagree.

This Court has never before addressed the issue of when jeopardy attaches in a nonjury trial. The coverage of this issue by the Court of Appeals is varied. In *State v. Coats*, 17 N.C. App. at 415, 194 S.E.2d at 371-72, the Court of Appeals held that, in a bench trial, the presence of a competent judge who was ready to try a case was the equivalent of the impaneling of a jury and that jeopardy would attach at that time. This holding was reiterated by the Court of Appeals in *State v. Lee*, 51 N.C. App. at 348, 276 S.E.2d at 504. Despite these holdings, the results in these two cases would not have been different had the Court of Appeals applied the rule which we announce today. In *Coats*, a witness had already begun to testify prior to the termination of the first trial, and therefore jeopardy had attached under either rule. *Coats*, 17 N.C. App. at 408, 194 S.E.2d at 368. In *Lee*, the State dismissed the original misdemeanor charges and charged the defendant with a felony prior to arraignment and sixteen days prior to the scheduled start of the trial. *Lee*, 51 N.C. App. at 348, 276 S.E.2d at 504. Under either rule, jeopardy did not attach.

In *In Re Hunt and In Re Dowd*, 46 N.C. App. at 735, 266 S.E.2d at 387, the Court of Appeals stated that in juvenile proceedings, which are conducted without juries, "jeopardy attaches when the judge, as trier of fact, begins to hear evidence."

N.C.G.S. § 15A-931(a), the statute authorizing voluntary dismissals in criminal trials, requires the court clerk to note in the case file whether "a jury has been impaneled or evidence has been introduced." Arguably, this indicates an assumption by the legislature that jeopardy attaches upon introduction of evidence when a bench trial is held. We do not view this as a rule established by the legislature, but rather as an indication of legislative intent as to this issue. It is nevertheless of some persuasive value.

The United States Supreme Court has established the rule for federal courts that in nonjury trials, jeopardy attaches only when the court has begun to hear evidence. *Serfass v. United States*, 420 U.S. at 388, 43 L. Ed. 2d at 274. In jury trials, the established federal rule is identical to North Carolina's rule. *See State v. Shuler*, 293 N.C. at 42, 235 S.E.2d at 231.

STATE v. BRUNSON

[327 N.C. 244 (1990)]

The law of the land clause, the basis for the former jeopardy defense in North Carolina, is conceptually similar to federal due process. *Carrington v. Townes,* 306 N.C. 333, 336, 293 S.E.2d 95, 98 (1982), *cert. denied,* 459 U.S. 1113, 74 L. Ed. 2d 965 (1983); *State v. Ballance,* 229 N.C. 764, 769, 51 S.E.2d 731, 734 (1949). We therefore view the opinions of the United States Supreme Court with high regard in the context of interpreting our own law of the land clause. We do not accept defendant's contention that the law of this state confers greater former jeopardy protection upon defendants than the federal law does. The rule in North Carolina is that in nonjury trials, jeopardy attaches when the court begins to hear evidence or testimony.

The former jeopardy principle is a fundamental feature of our legal system, originating in the common law and later incorporated into our constitutions. *Benton v. Maryland,* 395 U.S. at 795, 23 L. Ed. 2d at 716. It benefits the individual defendants by providing repose; by eliminating unwarranted embarrassment, expense, and anxiety; and by limiting the potential for government harassment. *See Green v. United States,* 355 U.S. 184, 187-88, 2 L. Ed. 2d 199, 204 (1957). It benefits the government by guaranteeing finality to decisions of a court and of the appellate system, thus promoting public confidence in and stability of the legal system. The objective is to allow the prosecution one complete opportunity to convict a defendant in a fair trial. *See Arizona v. Washington,* 434 U.S. 497, 505, 54 L. Ed. 2d 717, 727-28 (1978).

There are competing interests with regard to the resolution of this issue: the interest of society in having a final resolution in which "the truth" is determined; the interest of the defendant in having all issues relating to the charge tried at one time without prolonging the proceedings longer than necessary; and the interest of the State in having the ability to gain conviction of guilty defendants, even in the face of unavoidable delays. *See generally Arizona v. Washington,* 434 U.S. at 503-05, 54 L. Ed. 2d at 727-28; *Wade v. Hunter,* 336 U.S. 684, 689, 93 L. Ed. 974, 978, *reh'g denied,* 337 U.S. 921, 93 L. Ed. 1730 (1949). These interests must be balanced against one another.

In a jury trial, a defendant participates actively in the selection of the trier of fact, the jury, and has an interest, not only in its selection, but also in maintaining that jury once it has been selected. *See Arizona v. Washington,* 434 U.S. at 503, 54 L. Ed. 2d

at 727. This is evidenced by the often lengthy process of voir dire. The rule that jeopardy attaches upon the swearing in of the jury reflects the judicial recognition of this interest. No such interest is involved in a nonjury trial because the defendant does not play an active part in the selection of the trier of fact, the particular judge involved. Therefore, a rule by which jeopardy attaches at the point at which a defendant has been arraigned and a judge is ready to begin trial does not involve that same logical connection with any particular interest of the defendant.

A rule by which jeopardy attaches at the point at which the State introduces evidence or a witness begins to testify reflects an attempt to connect the consequences of jeopardy (that is, the risk of conviction) with that element which could result in conviction (the introduction of evidence). *See generally Serfass v. United States*, 420 U.S. at 391-92, 43 L. Ed. 2d at 276. Without the introduction of evidence, a defendant claiming innocence cannot be legally convicted. When evidence or testimony against him is accepted by the court, the potential exists for a conviction. It is logical to associate the attachment of legal jeopardy with the actual cause of that jeopardy. That rationale is missing in a rule by which jeopardy attaches at a point when a defendant has pled and a judge is ready to try the case but when no evidence has been introduced or testimony heard. Such a rule would be arbitrary, and while it is true that it would give defendants greater rights than are mandated by the federal Constitution, we find no sound reason to adopt an arbitrary rule when a logical, practical rule is available.

The rule we announce today is consistent with the trend, if not the majority rule, of our sister states and is in accordance with the federal rule. *See United States v. Martin Linen Supply Co.*, 430 U.S. 564, 51 L. Ed. 2d 642 (1977); *Bunnell v. Superior Court*, 13 Cal. 3d 592, 531 P.2d 1086, 119 Cal. Rptr. 302 (1975); *Pollard v. State*, 175 Ga. App. 269, 333 S.E.2d 152 (1985); *People v. Deems*, 81 Ill. 2d 384, 410 N.E.2d 8 (1980), *cert. denied*, 450 U.S. 925, 67 L. Ed. 2d 355 (1981); *Commonwealth v. DeFuria*, 400 Mass. 485, 510 N.E.2d 264 (1987); *Fonseca v. Judges*, 59 Misc. 2d 492, 299 N.Y.S.2d 493 (1969); *People v. Willingham*, 52 Misc. 2d 1067, 277 N.Y.S.2d 778 (1967); *State v. Dallman*, 11 Ohio App. 3d 64, 463 N.E.2d 96 (1983); *Commonwealth v. Jung*, 366 Pa. Super. 438, 531 A.2d 498 (1987); *Peterson v. Commonwealth*, 5 Va. App.

389, 363 S.E.2d 440 (1987); *Manning v. Inge*, 169 W. Va. 430, 288 S.E.2d 178 (1982).

Not only is this rule theoretically sound, but it is also practical. It is a bright-line rule that clearly identifies the point in time at which jeopardy attaches.

For the above reasons, we affirm the Court of Appeals and remand this case to that court for further remand to Superior Court, Pasquotank County, for trial.

Affirmed.