OPINION
In April 1994, three complaints were filed in Butler County Area I Court charging defendant-appellant, Edward V. Hines, with three counts of passing bad checks in violation of R.C. 2913.11. A preliminary hearing was subsequently held in Butler County Area II Court ("county court") on May 4, 1994. The county court dismissed two of the complaints and bound over the third for consideration by the Butler County Grand Jury.
On June 15, 1994, appellant was indicted on six counts of passing bad checks. Counts four and five of the indictment charged appellant with the same bad check offenses as the complaints which were dismissed by the county court on May 4, 1994. Appellant entered not guilty pleas to all of the charges and a bench trial was held in the Butler County Court of Common Pleas ("common pleas court") on July 20, 1994. Appellant was convicted of all six charges and sentenced to six consecutive one-year terms of imprisonment.
On appeal, we affirmed appellant's convictions in a unanimous decision. See State v. Hines (July 3, 1995), Butler App. No. CA94-09-182, unreported. Our decision held that appellant had not received ineffective assistance of counsel at trial and that appellant's convictions were supported by the evidence. Id.
On July 9, 1996, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21. Appellant argued that he had received ineffective assistance of counsel at trial and that his prior theft offense convictions could not be used to elevate each of the bad check offenses to a third degree felony. The trial court denied appellant's petition for postconviction relief in an order dated August 1, 1996. Appellant now appeals, setting forth the following assignments of error:[1]
Assignment of Error No. 1:
 THE COURT OF COMMON PLEA [sic] ERRED WHEN IT DENIED PETITIONERS [sic] MOTION FOR POSTCONVICTION RELIEF R.C. 2953.21-23, UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT, PURSUANT TO R.C. 2913.11.
Assignment of Error No. 2:
 MULTIPLE CHARGES AND OFFENSES AND MULTIPLICITY COUNTS AND CONVICTIONS. [sic] THE DOUBLE JEOPARDY CLAUSE PROTECTS A DEFENDANT FROM EVEN THE "RISK" OF BEING PUNISHED TWICE FOR THE SAME OFFENSE.
Assignment of Error No. 3:
 PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT COMMON PLEA [sic] AND APPEAL'S [sic] COURT.
In his first and second assignments of error, appellant contends that the constitutional protection against double jeopardy was violated in this case. Appellant argues that the state is precluded from prosecuting him for the bad check offenses alleged in counts four and five of the indictment because he was acquitted of these offenses when the county court dismissed the complaints. We are not persuaded.
Double jeopardy principles do not prohibit the state from indicting or otherwise charging a defendant with an offense where a previous indictment, information, or complaint charging the defendant with the same crime was dismissed before jeopardy attached. See State v. Dixon (1984), 14 Ohio App.3d 396, 397; State v. Dallman (1983), 11 Ohio App.3d 64, 65. The Fifth Amendment protection against double jeopardy does not attach in a bench trial until the trial court begins to hear evidence. Serfass v. United States (1975), 420 U.S. 377, 388,95 S.Ct. 1055, 1062; State v. Gustafson (1996), 76 Ohio St.3d 425, 435.
Our review of the record indicates that the complaints which originally charged appellant with the bad check offenses alleged in counts four and five of the indictment were dismissed by the county court on May 4, 1994. The record also indicates that jeopardy did not attach in this case until July 20, 1994 when the common pleas court began hearing the evidence at appellant's trial. The constitutional protection against double jeopardy did not prevent the state from indicting and prosecuting appellant for the bad check offenses alleged in counts four and five under these circumstances because both complaints were dismissed before jeopardy had attached. Therefore, appellant's first and second assignments of error are overruled.
In his third assignment of error, appellant contends that he received ineffective assistance of counsel at trial. A petition for postconviction relief which alleges that the petitioner received ineffective assistance of counsel during trial is barred by res judicata where the petitioner had new counsel on the direct appeal of his conviction and where the ineffective assistance of counsel claim was or could have been raised in the direct appeal. State v. Cole (1982), 2 Ohio St.3d 112, syllabus; State v. Jenkins (1987), 42 Ohio App.3d 97, 99-101. The record indicates that appellant was appointed new counsel for his direct appeal to this court and that the issue of whether appellant received ineffective assistance of counsel during trial was raised and fully litigated at that time. Accordingly, appellant's claim that he received ineffective assistance of counsel during trial is now barred by res judicata.
Appellant also argues that he received ineffective assistance of counsel on his direct appeal to this court. The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonable professional competence, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668, 690, 104 S.Ct. 2053, 2066; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus. Appellant argues that appellate counsel's performance was constitutionally defective because counsel failed to raise the double jeopardy argument set forth in the first assignment of error. Again, we must disagree.
The Sixth Amendment right to counsel does not require appellate counsel to raise frivolous claims or to raise all claims that the defendant demands should be raised. Jones v. Barnes (1983),463 U.S. 745, 754, 103 S.Ct. 3308, 3313-14; Anders v. California (1967), 386 U.S. 738, 744, 87 S.Ct. 1396, 1400; State v. Phillips (1995), 74 Ohio St.3d 72, 87. As we have already noted, the double jeopardy argument raised by appellant in his first and second assignments of error is completely without merit. Counsel was consequently under no duty to present this argument in the direct appeal as any such argument would have been frivolous. Therefore, we find that appellate counsel's performance was not deficient. Appellant's third assignment of error is overruled. The judgment of the trial court is affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] Appellant has also filed a "Reply Motion" in which he argues that this case must be remanded for further proceedings before this appeal may be ruled upon because the trial court failed to fully consider all of the claims presented by his petition for postconviction relief. However, our review of the record indicates that the trial court fully considered all of the issues and claims raised by appellant in his petition for postconviction relief. Therefore, appellant's "Reply Motion" is hereby overruled.