STATE OF NORTH CAROLINA v. MARTIN A. HATCHER


No. 9318SC1191


(Filed 15 November 1994)


**Constitutional Law § 169 (NCI4th)— no submission of lesser offenses—hung jury—defendant not acquitted of lesser offenses—subsequent trial not double jeopardy**

When the trial court elected not to submit the lesser-included offense of attempted second-degree rape and the offense of assault on a female to the jury (assault on a female not being a lesser-included offense of second-degree rape, but submitted pursuant to N.C.G.S. § 15-144.1), defendant was not acquitted of those charges, given that the trial later resulted in a mistrial

STATE v. HATCHER

[117 N.C. App. 78 (1994)]

because of a hung jury, and given that defendant was indicted only on second-degree rape.

**Am Jur 2d, Criminal Law §§ 258 et seq.**

**Double jeopardy as bar to retrial after grant of defendant's motion for mistrial. 98 ALR3d 997.**

**Former jeopardy as bar to retrial of criminal defendant after original trial court's *sua sponte* declaration of a mistrial—state cases. 40 ALR4th 741.**

**Supreme Court's views as to application, in state criminal prosecutions, of double jeopardy clause of Federal Constitution's Fifth Amendment. 95 L. Ed. 2d 924.**

Appeal by the State from order entered 20 September 1993 *nunc pro tunc* 7 September 1993 by Judge Russell G. Walker, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 28 September 1994.

*Attorney General Michael F. Easley, by Assistant Attorney General Jeffrey P. Gray, for the State-appellant.*

*Tharrington, Smith & Hargrove, by Wade M. Smith, Roger W. Smith, Melissa H. Hill, and E. Hardy Lewis, for defendant-appellee.*

JOHNSON, Judge.

Defendant Martin A. Hatcher was indicted on 26 November 1990 in 90CRS39878 with the second degree rape of Loretta Gail Williams, alleged to have occurred on 27 April 1990. The case came on for trial at the 16 March 1992 Criminal Session of Guilford County Superior Court. A jury was empaneled and sworn and the case tried over a two week period with twenty-eight witnesses testifying for the State and twenty-five witnesses testifying for defendant; the State in rebuttal presented four witnesses and defendant in rebuttal presented one witness. The prosecuting witness, Ms. Williams, testified that the rape occurred during a neurological examination of her by defendant, a doctor; she testified that during a point in the examination when she was bending over from the waist, defendant penetrated her vagina from behind with his penis. Defendant denied raping Ms. Williams.

At the conclusion of the evidence, the trial court conducted a charge conference. During the charge conference, the following exchange took place:

STATE v. HATCHER

[117 N.C. App. 78 (1994)]

THE COURT: . . . I assume under the substantive issues it would be guilty of second degree rape. Does either side contend there is any lesser included?

MR. WALL [defendant's attorney]: We do not, Judge.

MR. CARROLL [prosecutor]: State doesn't.

THE COURT: Everybody is in agreement it would be second degree rape or—guilty of second degree rape or not guilty.

MR. CARROLL [prosecutor]: State agrees with that.

Following the charge conference and the closing arguments of counsel, the trial court instructed the jury on second degree rape. After deliberating for two days, on 1 April 1992 the jury announced that it was unable to reach a unanimous verdict and the trial court declared a mistrial.

On 20 April 1992, the prosecutor indicted defendant on two additional charges, those being attempted second degree rape of Ms. Williams on 27 April 1990 (92CRS20413) and assault on a female on Ms. Williams on 27 April 1990 (92CRS20404). The Grand Jury returned true bills in each case.

Prior to trial, defendant moved to dismiss the charges of attempted second degree rape (92CRS20413) and assault on a female (92CRS20404) on the grounds of double jeopardy or for failure to join offenses. The State responded to this motion with a written memorandum of law filed 25 June 1993 and defendant filed an amended motion to dismiss on the grounds of double jeopardy and failure to join offenses in a memorandum of law filed 29 July 1993. The State submitted additional cases for the court to consider, and defendant filed a supplement to his memorandum of law on 2 September 1993.

A hearing was held on 16 August 1993 on defendant's amended motion to dismiss; the morning of the hearing, the State voluntarily dismissed the indictment for attempted second degree rape, stating that such indictment was unnecessary to inform defendant of the charge against him because the offense charged in that indictment was implicitly charged in the original indictment for second degree rape. The trial judge heard arguments from counsel and took the matter under advisement; at the 7 September 1993 Criminal Session of Guilford County Superior Court, the trial judge granted defendant's motion to dismiss the indictment for assault on a female. The trial judge also pronounced a dismissal of the indictment for attempted

second degree rape, although the State had already voluntarily dismissed that indictment. In granting defendant's motion to dismiss, the trial judge concluded as a matter of law that defendant had previously been placed in jeopardy for the offense of attempted second degree rape and assault on a female. The State has appealed this order to our Court.

As a preliminary matter, defendant claims there is no statutory basis for a State appeal from an order of the superior court dismissing charges on double jeopardy grounds. It is clear, pursuant to North Carolina General Statutes § 15A-1445(a)(1) (1988), that the State's appeal is subject to dismissal if further prosecution is barred by the Double Jeopardy Clause of the United States Constitution and the "law of the land" clause of the North Carolina Constitution. *State v. Priddy*, 115 N.C. App. 547, 445 S.E.2d 610 (1994). We therefore turn to the merits of this appeal.

The State argues that the trial court erred by granting defendant's motion to dismiss after concluding as a matter of law that defendant had previously been placed in jeopardy for the offenses of attempted second degree rape and assault on a female. The State, noting that it is undisputed that defendant can be retried on the second degree rape charge, questions whether the trial court's decision at the first trial to not submit any lesser included offenses of second degree rape amounted to an "acquittal" of the lesser included offense of attempted second degree rape. The State also questions whether the failure of the court to submit an issue to the jury of assault on a female was tantamount to an "acquittal" of that charge. The State argues that when the trial judge declared a mistrial, "the slate was wiped clean" and that "[t]he original indictment for second degree rape remained valid to re-try the defendant and the State was free to subsequently indict for any other offense arising out of the original occurrence."

Defendant, on the other hand, argues that

[a]t the end of all the evidence [in the mistrial] . . . the Prosecutor decided to "go for broke" and did not argue that the less serious offenses of attempt and assault on a female should be submitted to the jury. . . . Now the State, enlightened by the experience of the first trial, proposes to subject [defendant] to another trial, and to submit to the second jury the issues of attempt and assault on a female—issues charged in the first trial but not submitted to the jury. The constitutional doctrine of double jeopardy protects citizens from such repeated attempts by the government to gain a conviction.

As a preliminary matter, we restate settled law as to jeopardy, indictments for rape, and jury instructions. Jeopardy attaches "when a defendant in a criminal prosecution is placed on trial: (1) on a valid indictment or information, (2) before a court of competent jurisdiction, (3) after arraignment, (4) after plea, and (5) when a competent jury has been empaneled and sworn." *State v. Lee*, 51 N.C. App. 344, 348, 276 S.E.2d 501, 504 (1981), *quoting State v. Shuler*, 293 N.C. 34, 42, 235 S.E.2d 226, 231 (1977). We further note that "double jeopardy has long been a fundamental prohibition of our common law and is deeply imbedded in our jurisprudence." *State v. Hill*, 287 N.C. 207, 214, 214 S.E.2d 67, 72 (1975). "The Double Jeopardy Clause protects against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986). As to a "hung" jury, "[o]ur cases describe a deadlocked or 'hung' jury as a paradigmatic example of manifest necessity requiring the declaration of a mistrial." *State v. Felton*, 330 N.C. 619, 628, 412 S.E.2d 344, 350 (1992). "[T]he prohibition against double jeopardy does not prevent the second trial of an accused when his previous trial ended in a hung jury." *Id. See also State v. Odum*, 316 N.C. 306, 341 S.E.2d 332 (1986).

We note that in the instant case, the indictment for second degree rape would support a verdict for attempted second degree rape or assault on a female. Although defendant was not indicted for attempted second degree rape and assault on a female, defendant could still have been convicted of any of those charges under North Carolina General Statutes § 15-144.1 (1983). This short form indictment for rape, North Carolina General Statutes § 15-144.1, reads in pertinent part:

### § 15-144.1. Essentials of bill for rape.

(a) In indictments for rape it is not necessary to allege every matter required to be proved on the trial; but in the body of the indictment, after naming the person accused, the date of the offense, the county in which the offense of rape was allegedly committed, and the averment "with force and arms," as is now usual, it is sufficient in describing rape to allege that the accused person unlawfully, willfully, and feloniously did ravish and carnally know the victim, naming her, by force and against her will and concluding as is now required by law. *Any bill of indictment containing the averments and allegations herein named shall be good and suf-*

**STATE v. HATCHER**

[117 N.C. App. 78 (1994)]

*ficient in law as an indictment for rape in the first degree and will support a verdict of guilty of rape in the first degree, rape in the second degree, attempted rape or assault on a female.* (Emphasis added.)

"It is now well-settled that the short-form indictment is sufficient (1) to protect a defendant's right to be advised of the accusations against him and to avoid double jeopardy and (2) to permit the court to enter the appropriate judgment." *State v. Jones*, 317 N.C. 487, 492, 346 S.E.2d 657, 660 (1986) (citations omitted). Thus, an indictment which is *"sufficient* in law as an indictment for rape in the first degree" will support a verdict for any lesser-included offense. *Id.*

Finally, as to jury instructions,

a judge must declare and explain the law arising upon the evidence. N.C. Gen. Stat. § 15A-1232 [1988]. This duty necessarily requires a judge to charge upon a lesser included offense, even absent a special request, where there is evidence to support it. *State v. Wright*, 304 N.C. 349, 283 S.E.2d 502 (1981). "The sole factor in determining the judge's obligation to give such an instruction is the presence, or absence, of any evidence in the record which might convince a rational trier of fact to convict the defendant of a less grievous offense." *Id.* at 351, 283 S.E.2d at 503.

*State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985). Further, "the trial court need not submit lesser included degrees of a crime to the jury 'when the State's evidence is positive as to each and every element of the crime charged *and there is no conflicting evidence relating to any element of the charged crime.'"* *State v. Thomas*, 325 N.C. 583, 594, 386 S.E.2d 555, 561 (1989) *and State v. Drumgold*, 297 N.C. 267, 271, 254 S.E.2d 531, 533 (1979), *quoting State v. Harvey*, 281 N.C. 1, 13-14, 187 S.E.2d 706, 714 (1972) (emphasis in original).

The issue presented herein is the following: when the trial court elected not to submit the lesser included offense of attempted second degree rape and the offense of assault on a female to the jury (assault on a female not being a lesser included offense of second degree rape, but submitted pursuant to North Carolina General Statutes § 15-144.1), was defendant acquitted of those charges (a) given that the trial later resulted in a mistrial because of a hung jury, and (b) given that defendant was indicted only on second degree rape? We find that defendant was not acquitted of the charges of attempted sec-

STATE v. HATCHER

[117 N.C. App. 78 (1994)]

ond degree rape and assault on a female. *State v. Thomas*, 325 N.C. 583, 386 S.E.2d 555 is instructive in this matter.

In *Thomas*, the defendant was found guilty of first degree murder. The question on appeal was whether the trial court erred in failing to submit to the jury the alternative verdict of guilty of involuntary manslaughter. Our Supreme Court held that there was error, entitling the defendant to a new trial. In so holding, the Court noted that "[w]hen the case is returned for a new trial, defendant under the present indictment will again be subject to trial and conviction for first degree murder on all theories and on all lesser homicides which may be included under any theory and supported by the evidence." *Id.* at 593, 386 S.E.2d at 561. The dissent in *Thomas* supports a position analogous to defendant in the case herein, that

> [b]y limiting the jury to returning a verdict on the first-degree murder charge only under the felony murder theory, the trial court withdrew the other theories of first-degree murder *and* all lesser homicide offenses included within *those* theories from the jury's consideration. Submission of the first-degree murder charge to the jury *only* upon the felony murder theory was the equivalent of a verdict finding her not guilty on the other theories of first-degree murder supported by the indictment upon which she had been placed in jeopardy, including the theory of premeditated and deliberate first-degree murder. . . . Therefore, submission of the first-degree murder charge against the defendant to the jury only upon the felony murder theory had the effect of acquitting her of premeditated and deliberate first-degree murder and its lesser included offenses of second-degree murder, voluntary manslaughter and involuntary manslaughter. The defendant could not thereafter be placed in jeopardy for any of those lesser offenses—offenses for which she had already been acquitted. (Citations omitted.)

*Id.* at 600-01, 386 S.E.2d at 565. The majority refuted the dissent, to-wit:

> The dissent's notion that defendant, while convicted of first degree felony murder, has somehow been acquitted of premeditated and deliberated murder and all lesser homicides which might have been included in this latter offense presupposes that defendant has been charged with, and could have been convicted of, two different crimes—first degree felony murder and first degree premeditated and deliberated murder. Defendant was

charged with only one crime, first degree murder; she was convicted of that crime. She has not been acquitted of anything. Premeditation and deliberation is a theory by which one may be convicted of first degree murder; felony murder is another such theory. Criminal defendants are not convicted or acquitted of theories; they are convicted or acquitted of crimes. (Citations omitted.)

*Id.* at 593, 386 S.E.2d at 560-61.

Notwithstanding that the instant case involves a mistrial of a charge of second degree rape due to a hung jury rather than a new trial after a conviction of first degree murder ordered by an appellate court, we find the reasoning in *Thomas* applicable in the case *sub judice.* As in *Thomas,* in the instant case, defendant, under the present indictment, will again be subject to trial and conviction for second degree rape on all theories and on all lesser included offenses or charges pursuant to North Carolina General Statutes § 15-144.1 which may be included under any theory and supported by the evidence.

Therefore, we find the trial court erred by granting defendant's motion to dismiss after concluding as a matter of law that defendant had previously been placed in jeopardy for the offenses of attempted second degree rape and assault on a female.

Reversed.

Judges GREENE and LEWIS concur.